1  GREGORY L. KIRAKOSIAN  (SBN 294580)
2  [greg@kirakosianlaw.com]
   **KIRAKOSIAN LAW, APC**
3  11684 VENTURA BLVD., SUITE 975
   STUDIO CITY, CALIFORNIA 91604
4  TELEPHONE: (213) 986-5389
   FACSIMILE:  (213) 477-2355
5
6  **LAW OFFICES OF DALE K. GALIPO**
   Dale K. Galipo, Esq. (SBN 144074)
7  dalekgalipo@yahoo.com
   21800 Burbank Boulevard, Suite 310
8  Woodland Hills, CA  91367
   Telephone:  (818) 347-3333
9  Facsimile:    (818) 347-4118

10 *Attorneys for Plaintiffs,*
   OMAR SANDOVAL, LINDA RODRIGUEZ, A.S., a minor,
11 ALAN MADERO-SANDOVAL, AND OSCAR MADERO-SANDOVAL

12
13            **UNITED STATES DISTRICT COURT**
14            **CENTRAL DISTRICT OF CALIFORNIA**
15

16 OMAR SANDOVAL, LINDA            **Case No.:  5:25-cv-1879**
   RODRIGUEZ, A.S., a minor by and
17 through JESS RODRIGUEZ, ALAN
   MADERO-SANDOVAL, AND            **PLAINTIFFS' COMPLAINT FOR**
18 OSCAR MADERO-SANDOVAL,          **DAMAGES**
19
                                   1. Unlawful Search and Seizure (42
20            Plaintiffs,             U.S.C. § 1983);
                                   2. Excessive Force (42 U.S.C. § 1983);
21    vs.                          3. Negligence;
                                   4. False Arrest / Imprisonment;
22                                 5. Battery;
   CITY OF RIALTO, COUNTY OF SAN   6. Negligent Infliction of Emotional
23 BERNARDINO, and DOE OFFICERS       Distress - Bystander
   1-10,                           7. Violation of the Bane Act (Cal. Civ.
24                                    Code § 52.1);
25            Defendants,
26
                                   **DEMAND FOR JURY TRIAL**
27
28

KIRAKOSIAN LAW, APC

**KIRAKOSIAN LAW, APC**

## INTRODUCTION

1.      Plaintiffs Omar Sandoval, Linda Rodriguez, A.S., a minor by and through is guardian ad litem Jess Rodriguez, Alan Madero-Sandoval, and Oscar Madero-Sandoval ("Plaintiffs"), hereby file this Complaint for Damages against the City of Rialto, the County of San Bernardino, and DOE Officers 1-10.

2.      As discussed in further detail herein, this Complaint arises out an incident that occurred on July 30, 2024, in the City of Rialto, in the County of San Bernardino. Plaintiffs allege that the Defendants' conduct constituted or led to the violation of Plaintiffs' fourth amendment rights and accompanying State law violations against Plaintiffs.

## JURISDICTION AND VENUE

3.      This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiffs' claims arise under the laws of the United States, including the United States Constitution, the Fourth Amendment, and 42 U.S.C. § 1983.

4.      This Court has supplemental jurisdiction over Plaintiffs' State law claims pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

5.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because all incidents, events, and occurrences giving rise to this action occurred in the County of San Bernardino, California, and because all Defendants reside in the County of San Bernardino, California.

## PARTIES AND GENERAL ALLEGATIONS

6.      At all relevant times, Plaintiff Omar Sandoval was an individual residing in the County of San Bernardino, California.

7.      At all relevant times, Plaintiff Linda Rodriguez was an individual residing in the County of San Bernardino, California.

8.    At all relevant times, Plaintiff Alan Madero-Sandoval was an individual residing in the County of San Bernardino, California.

9.    At all relevant times, Plaintiff Oscar Madero-Sandoval was an individual residing in the County of San Bernardino, California.

10.    At all relevant times, Plaintiff A.S., is and was a minor. Plaintiff A.S. is and was the minor son of Plaintiffs Omar Sandoval and Linda Rodriguez. Plaintiff A.S. hereby brings his claims by and through his guardian ad litem, Jess Rodriguez.

11.    At all relevant times, DOE Officers 1-10 were individuals residing in the County of San Bernardino, California. Hereinafter, these Defendants will be referred to collectively as the "Individual Officers." At all relevant times, the Individual Officers were acting under the color of law within the course and scope of their employment and duties as agents for Defendants County of San Bernardino and City of Rialto. At all relevant times, the Individual Officers were acting with the complete authority and ratification of their principal, Defendants County of San Bernardino and City of Rialto, respectively. Pursuant to California Government Code Section 815.2, Defendants County of San Bernardino and City of Rialto are vicariously liable for the acts, omissions and conduct of its employees.

12.    At all relevant times, Defendant City of Rialto is and was a governmental entity organized and existing under the laws of the State of California in the County of San Bernardino, California. At all relevant times, the City of Rialto is and was a chartered subdivision of the State of California with the capacity to be sued. The City of Rialto is responsible for the actions, omissions, policies, procedures, practices, and customs of its various employees, agents and agencies, including its own police force and its agents and employees, including the Individual Officers. At all relevant times, Defendant City of Rialto was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of its police force and its employees and agents complied with the laws of the United States and of the State of California, including the Individual Officers.

PLAINTIFFS' COMPLAINT FOR DAMAGES

13.    At all relevant times, Defendant County of San Bernardino and City of Rialto is and was a governmental entity organized and existing under the laws of the State of California in the County of San Bernardino, California. At all relevant times, the County of San Bernardino is and was a chartered subdivision of the State of California with the capacity to be sued. The County of San Bernardino is responsible for the actions, omissions, policies, procedures, practices, and customs of its various employees, agents and agencies, including its own police force and its agents and employees, including the Individual Officers. At all relevant times, Defendant County of San Bernardino was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of its police force and its employees and agents complied with the laws of the United States and of the State of California, including the Individual Officers.

14.    Herein after, the Individual Officers, the County of San Bernardino, and City of Rialto will be collectively referred to as "Defendants".

15.    The true names and/or capacities of the Individual Officers designated as DOES are unknown to Plaintiffs at this time and therefore Plaintiffs file this Complaint against said DOE Defendants by such fictitious names. Plaintiffs will seek leave of Court to amend the Complaint to identify the true names and capacities of said DOE Defendants when their names are ascertained.

16.    Plaintiffs are informed and believe, and upon such information and belief, allege that, at all relevant times, each Defendant is the agent, employee, alter ego, servant, successor-in-interest and/or joint venturer of each other defendant and that in doing the things herein alleged, each Defendant was acting within the course, scope, and authority of such agency, employment, service, successor-in-interest and/or joint venture.

17.    Plaintiffs are informed and believe and upon such information and belief, allege that, each Defendant is contractually, strictly, vicariously liable and/or otherwise legally responsible in some manner for each and every act, omission,

KIRAKOSIAN LAW, APC

obligation, event or happening set forth herein. Plaintiffs

18.    Plaintiffs are informed and believe, and upon such information and belief, allege that, each Defendant acting as a employer or principal, was negligent in the selection and hiring of each and every other Defendant as an agent, servant, employee, successor-in-interest, and/or joint venturer. Further, the acts of each Defendant, were consented to, ratified and/or authorized and confirmed by each other defendant.

19.    Plaintiffs are informed and believe, and upon such information and belief, allege that, the acts of each Defendant was fully ratified by each and all other Defendants. Specifically, and without limitation, Plaintiffs are informed and believe, and upon such information and belief, allege that, the actions, failures to act, and breaches alleged herein are attributed to one or more Defendant was approved, ratified, and done with the cooperation and knowledge of each and all of the other Defendants.

20.    Defendant County of San Bernardino was timely served with a claim for damages on or about January 15, 2025, pursuant to California Government Code §§ 910 and 911, *et seq.* The claim for damages was rejected on or about January 30, 2025. In accordance with Government Code § 945.6, Plaintiffs hereby timely file this Complaint within six months of the date of that rejection.

21.    Defendant City of Rialto was timely served with a claim for damages on or about January 15, 2025, pursuant to California Government Code §§ 910 and 911, *et seq.* The claim for damages was rejected on or about 45 days thereafter. In accordance with Government Code § 945.6, Plaintiffs hereby timely file this Complaint within six months of the date of that rejection.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

22.    This Complaint arises out of an incident that occurred on July 30, 2024, at approximately 4:00 PM, at or near the parking lot of an "El Pollo Loco" located near 1225 W. Renaissance Pkwy., in the City of Rialto, in the County of San Bernardino.

KIRAKOSIAN LAW, APC

23.     On July 30, 2024, the Individual Officers, working in the course and scope of their employment for the City of Rialto Police Department and/or County of San Bernardino Sheriff's Department, initiated a traffic stop of a vehicle that Omar Sandoval was driving. Omar Sandoval's wife, Linda Rodriguez, and their minor son, A.S., were also in the vehicle, as were Omar Sandoval's brothers, Alan Madero-Sandoval and Oscar Madero-Sandoval.

24.     Omar Sandoval pulled into the parking lot at 1225 W. Renaissance Parkway, in the City of Rialto, to comply with the Individual Officers' traffic stop. The Individual Officers (names currently unknown) contacted Omar Sandoval and escalated the situation. In attempting to place Omar Sandoval in handcuffs without justification, the Individual Officers used physical force against Omar Sandoval and deployed a Taser at him, also without justification.

25.     The Individual Officers also used physical force against Linda Rodriguez in their attempt to detain and arrest her, without justification.

26.     Alan Madero-Sandoval and Oscar Madero-Sandoval were also wrongfully detained without reasonable suspicion of any illegal activity. On information and belief, the Individual Officers also used physical force to handcuff and arrest Alan Madero-Sandoval.

27.     Omar Sandoval and Linda Rodriguez's minor son, A.S., contemporaneously perceived the uses of force against his parents. Omar Sandoval's brothers, Alan Madero-Sandoval and Oscar Madero-Sandoval, contemporaneously perceived the uses of force against Omar Sandoval. Omar Sandoval and Linda Rodriguez contemporaneously perceived the use of force upon each other. As a result of witnessing the uses of force against their loved ones, Omar Sandoval, Linda Rodriguez, A.S., Alan Madero-Sandoval, and Oscar Madero-Sandoval suffered severe emotional distress.

28.     The hands-on physical force against Omar Sandoval, Linda Rodriguez, and Alan Madero-Sandoval, as well as the deployment of the Taser against Omar

Sandoval, were excessive and unreasonable and escalated the situation, including because all Plaintiffs were unarmed and posed no threat to the safety of the officers or others at all relevant times. The Individual Officers ultimately handcuffed and arrested Omar Sandoval, and handcuffed and detained Linda Rodriguez and Alan Madero-Sandoval. The Individual Officers detained Omar Sandoval, Linda Rodriguez, and Alan Madero-Sandoval without reasonable suspicion and arrested Omar Sandoval without probable cause. Moreover, the scope and manner of the detentions were unreasonable.

29.   Additionally, after using force against Omar Sandoval, Linda Rodriguez, and Alan Madero-Sandoval, the Individual Officers did not timely summon medical attention and/or prevented the provision of prompt and adequate medical attention, thereby contributing to claimants' injuries. Moreover, the Individual Officers detained Omar Sandoval for an unreasonably long period of time, which further delayed treatment for his injuries. As a result of the Individual Officers' uses of force against them during this incident, Omar Sandoval, Linda Rodriguez, and Alan Madero-Sandoval suffered physical injuries, mental and emotional distress stemming from the physical injuries, past and future medical expenses, and past and future financial loss.

30.   For the conduct alleged above, Plaintiffs hereby bring the following causes of action:

## **FIRST CLAIM FOR RELIEF**

### **Unlawful Search and Seizure in Violation of 42 U.S.C. § 1983**

(All *Plaintiffs Against All Individual Officers*)

31.   Plaintiffs repeat and reallege each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

32.   On July 30, 2024, Plaintiff Omar Sandoval, pulled over his vehicle pursuant to a traffic stop initiated by Individual Officers. Plaintiffs Linda Rodriguez, Alan Madero-Sandoval, Oscar Madero-Sandoval, and A.S. were passengers inside the vehicle driven by Plaintiff Omar Sandoval at the time the Individual Officers initiated

KIRAKOSIAN LAW, APC

the traffic stop and at the time Plaintiff Omar Sandoval pulled his vehicle over pursuant to the traffic stop. On information and belief, Plaintiff Omar Sandoval had not committed any traffic infraction and no Plaintiffs had committed any crime at the time the individual officers initiated the traffic stop. On information and belief, the Individual Officers had no reasonable suspicion to detain or probable cause to detain Plaintiffs at the time the Individual Officers initiated the traffic stop.

33.    At all relevant times, the encounter was not a consensual encounter, but a seizure in which Plaintiffs were not at liberty to ignore the police presence and go about Plaintiffs' business.

34.    On information and belief, after Plaintiffs were pulled over, the Individual Officers did not have probable cause nor reasonable suspicion to detain or arrest Plaintiffs. At all relevant times, Plaintiffs did not consent to the seizure.

35.    At all relevant times before and at the time the Individual Officers conducted the seizure, there was no lawful or justifiable basis that would justify the scope or length of the seizure.

36.    At all relevant times before and at the time the Individual Officers conducted the seizure, there were no facts apparent to the Individual Officers that would lead the Individual Officers to believe that Plaintiffs had or might gain possession of a weapon.

37.    At all relevant times before the Individual Officers conducted the seizure, there were no facts apparent to the Individual Officers that would lead the Individual Officers to reasonably believe that Individual Officers might destroy or hide evidence.

38.    At all relevant times before the Individual Officers conducted the search and seizure, there were no facts apparent to the Individual Officers that would lead the Individual Officers to reasonably believe that there were any exigent circumstances where there was insufficient time to get a warrant.

39.    When the Individual Officers detained Plaintiffs and arrest Omar Sandoval, the Individual Officers violated Plaintiffs' rights to be secure against

KIRAKOSIAN LAW, APC

unreasonable searches and seizures as guaranteed to Plaintiffs under both State law and the Fourth Amendment to the United States Constitution.

40.   The Individual Officers conducted the seizure, as described herein, and did so intentionally, in that it was their conscious objective to search and seize Plaintiffs.

41.   Based on the objective facts readily available and known to the Individual Officers, no reasonable conclusion could be drawn that Plaintiffs had committed, were committing, or were about to commit any crime.

42.   Based on the objective facts readily available and known to the Individual Officers, no reasonable conclusion could be drawn to conclude that the search and seizure was reasonable or lawful under the circumstances.

43.   Plaintiffs are informed and therefore believes that the Individual Officers violated not only their departmental training, but California's "Police Officer Standards and Training" policies as well all common sense and human decency.

44.   The Individual Officers knew or should have known that their conduct could and would likely result in the violation of Plaintiffs' State and Federal civil rights.

45.   The Individual Officers knew or should have known that their conduct could and would likely result in further significant injury or the unnecessary and wanton infliction of emotional distress.

46.   The Individual Officers disregarded the risks that their conduct would likely result in a violation of rights and caused damages to Plaintiffs.

47.   As a result of the misconduct alleged herein, the Individual Officers are liable for Plaintiffs' injuries, either because they were integral participants in causing damages and the violation of Plaintiffs' civil rights, or because they failed to intervene to prevent these violations.

48.   As described above, conduct and actions of the Individual Officers deprived Plaintiffs of rights guaranteed by the United States Constitution, the Fourth

KIRAKOSIAN LAW, APC

Amendment, and 42 U.S.C. § 1983, resulting in harm and damages to Plaintiffs, as described herein.

49.    Due to the conduct of the Individual Officers, Plaintiffs have been required to incur Attorneys' fees and will continue to incur attorneys' fees, all to Plaintiffs' damage in a sum to be proved at trial and recoverable pursuant to 42 U.S.C. §1988.

50.    The Individual Officers acted in a willful, wanton, malicious, and oppressive manner with a conscious disregard of Plaintiffs' rights conferred upon Plaintiffs by intentionally, knowingly, and recklessly violating those rights and causing damages. In so acting, the Individual Officers manifested a conscious or reckless disregard for Plaintiffs' rights, so as to justify the assessment of punitive and exemplary damages against the Individual Officers in a sum to be established according to proof.

51.    Plaintiffs seek compensatory damages, punitive damages, and attorneys' fees and costs under this claim pursuant to 42 U.S.C § 1988.

## SECOND CLAIM FOR RELIEF

### Excessive Force in Violation of 42 U.S.C. § 1983

(*Plaintiffs Omar Sandoval, Linda Rodriguez, and Alan Madero-Sandoval Against All Individual Officers*)

52.    Plaintiffs repeat and reallege each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

53.    As alleged herein, on July 30, 2024, the Individual Officers seized Plaintiffs' person and vehicle. In doing so, the Individual Officers used unnecessary, unreasonable, and excessive force.

54.    At all relevant times, the Individual Officers had a duty to use reasonable care in their interaction with the Plaintiffs and to ensure that an individual is free from foreseeable risks of harm and not to expose persons to reasonably foreseeable risks of injury, including, but not limited to, the use of excessive force that caused harm to

Plaintiffs.

55.    Neither the basis for the seizure nor the methods used to conduct the seizure were legal, justifiable, reasonable, or based on any reasonable or probable cause.

56.    At all relevant times and specifically at the time that force was used:

a.    The nature of the crime or other circumstances known to the Individual Officers was not of the type that would lead a reasonable law enforcement officer to believe that the extent of the force used was reasonable, lawful, necessary, or justifiable;

b.    The Plaintiffs were not engaged in any conduct that would lead a reasonable law enforcement officer to believe that Plaintiffs posed an immediate threat to the safety of the Individual Officers or to others;

c.    The Plaintiffs were not engaged in any conduct that would lead a reasonable law enforcement officer to believe that Plaintiffs were actively resisting arrest or attempting to evade arrest by flight;

d.    The Individual Officers had a reasonable amount of time that would lead a reasonable law enforcement officer to determine that a less intrusive and less excessive amount of force would accomplish the lawful objectives of the Individual Officers.

e.    No reasonable law enforcement officer would determine that the amount of force used by the Individual Officers was reasonable or necessary given the need for the use of force;

f.    The Individual Officers made no efforts to temper or limit the amount of force used, and in fact, had equally effective and available alternative methods to accomplish the lawful (or even unlawful) objectives of the Individual Officers;

g.    There was no ongoing criminal actions, violent actions, or security problems that would lead a reasonable law enforcement officer to believe that the

KIRAKOSIAN LAW, APC

amount of force used by the Individual Officers was reasonable, lawful, necessary, or justifiable;

h.     There were no officers or persons' lives which were at risk by the circumstances or conduct by Plaintiffs that would lead a reasonable law enforcement officer to believe that the extent of the force used was reasonable, lawful, necessary, or justifiable;

i.     It was practical for a reasonable law enforcement officer to give warnings of an imminent intention to use such a degree of force, yet the Individual Officers failed to give such warning;

j.     There was no probable cause for a reasonable officer to believe that Plaintiffs had engaged in any violent or threatening conduct, nor were the Individual Officers responding to any calls arising from alleged violence.

57.     The Individual Officers violated Plaintiffs' State and Federal civil rights by using excessive force when the Individual Officers violently, recklessly, and needlessly escalated an encounter into one with the use of extreme, excessive physical force.

58.     No objective facts readily available and known to the Individual Officers could have reasonably led a reasonable law enforcement officer to conclude that the use of force by the Individual Officers upon Plaintiffs were reasonable, lawful, or justified.

59.     Further, the Defendants' actions and use of force violated not only their training and standard police officer training, but all common sense and human decency.

60.     Defendants' unjustified excessive use of force deprived Plaintiffs Omar Sandoval, Linda Rodriguez, and Alan Madero-Sandoval of their rights to be secure against unreasonable use of force as guaranteed under State law and the Fourth Amendment of the United States Constitution.

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

KIRAKOSIAN LAW, APC

61. The Individual Officers knew, or in the exercise of ordinary and reasonable care should have known, that their conduct posed a significant risk of harm to Plaintiffs Omar Sandoval, Linda Rodriguez, and Alan Madero-Sandoval.

62. The Individual Officers knew that their conduct could and would likely result in the violation of Plaintiffs Omar Sandoval, Linda Rodriguez, and Alan Madero-Sandoval's State and Federal civil rights.

63. The Individual Officers knew that their conduct could and would likely result in further significant injury or the unnecessary and wanton infliction of emotional distress.

64. The Individual Officers disregarded the risks that their conduct would likely result in a violation of rights and cause damages to Plaintiffs Omar Sandoval, Linda Rodriguez, and Alan Madero-Sandoval.

65. As a result of the misconduct alleged herein, the Individual Officers are liable for Plaintiffs Omar Sandoval, Linda Rodriguez, and Alan Madero-Sandoval's injuries, either because they were integral participants in causing damages and the violation of Plaintiffs' civil rights, or because they failed to intervene to prevent these violations.

66. As described above, conduct and actions of the Individual Officers deprived Plaintiffs Omar Sandoval, Linda Rodriguez, and Alan Madero-Sandoval of their rights guaranteed by the United States Constitution, the Fourth Amendment, and 42 U.S.C. § 1983, resulting in harm and damages to Plaintiffs, as described herein.

67. Due to the conduct of the Individual Officers, Plaintiffs Omar Sandoval, Linda Rodriguez, and Alan Madero-Sandoval have been required to incur Attorneys' fees and will continue to incur attorneys' fees, all to Plaintiffs' damage in a sum to be proved at trial and recoverable pursuant to 42 U.S.C. §1988.

68. The Individual Officers acted in a willful, wanton, malicious, and oppressive manner with a conscious disregard of Plaintiffs Omar Sandoval, Linda Rodriguez, and Alan Madero-Sandoval's rights conferred upon Plaintiffs by

intentionally, knowingly, and recklessly violating those rights and causing damages. In so acting, the Individual Officers manifested a conscious or reckless disregard for Plaintiffs Omar Sandoval, Linda Rodriguez, and Alan Madero-Sandoval's rights, so as to justify the assessment of punitive and exemplary damages against the Individual Officers in a sum to be established according to proof.

69.    Plaintiffs Omar Sandoval, Linda Rodriguez, and Alan Madero-Sandoval seek compensatory damages, punitive damages, and attorneys' fees and costs under this claim pursuant to 42 U.S.C § 1988.

## THIRD CLAIM FOR RELIEF

### Negligence

*(Plaintiffs Against All Defendants)*

70.    Plaintiffs repeat and reallege each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

71.    At all relevant times, the Individual Officers had a duty to use reasonable care in their interaction with the Plaintiffs and to ensure they are free from foreseeable risks of harm and not to expose them to reasonably foreseeable risks of injury, including, but not limited to, causing harm to Plaintiffs as alleged herein.

72.    As described herein, the Individual Officers breached that duty of care owed to the public and to the Plaintiffs by failing to act with the requisite care required and engaging in the violation of Plaintiffs' State and Federal claims as set forth in further detail herein.

73.    The Individual Officers knew, or in the exercise of ordinary and reasonable care should have known, that their conduct posed a significant risk of harm to Plaintiffs.

74.    Based on the objective facts readily available and known to the Individual Officers, no reasonable conclusion could be drawn to conclude that the seizure and use of force was reasonable or lawful under the circumstances.

KIRAKOSIAN LAW, APC

KIRAKOSIAN LAW, APC

75.   Individual Officers violated not only their departmental training, but California's "Police Officer Standards and Training" policies as well all common sense and human decency.

76.   The Individual Officers knew that their conduct could and would likely result in the violation of Plaintiffs' State and Federal civil rights.

77.   The Individual Officers knew that their conduct could and would likely result in further significant injury or the unnecessary and wanton infliction of emotional distress.

78.   The Individual Officers disregarded the risks that their conduct would likely result in a violation of rights and cause damages to Plaintiffs.

79.   As a result of the misconduct alleged herein, the Individual Officers are liable for Plaintiffs' injuries, either because they were integral participants in causing damages and the violation of Plaintiffs' civil rights, or because they failed to intervene to prevent these violations.

80.   At all relevant times, the Individual Officers were acting with the complete authority and ratification of their principal, Defendant County of San Bernardino and City of Rialto. Pursuant to California Government Code Section 815.2, Defendant County of San Bernardino and City of Rialto is vicariously liable for the acts, omissions and conduct of its employees and vicariously liable for all State claims set forth herein.

81.   Plaintiffs seek compensatory damages under this claim.

## FOURTH CLAIM FOR RELIEF

### False Arrest / Imprisonment

(*Plaintiffs Against All Defendants*)

82.   Plaintiffs repeat and reallege each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

83.   As described in detail herein, the Individual Officers searched and seized Plaintiffs' person and property, and did so intentionally, in that the Individual Officers

acted with a conscious objective to search and seize Plaintiffs.

84. At all relevant times, the encounter was not a consensual encounter, but a search and seizure in which Plaintiffs were not at liberty to ignore the police presence and go about Plaintiffs' business.

85. Individual Officers violated not only their departmental training, but California's "Police Officer Standards and Training" policies as well all common sense and human decency.

86. As described in further detail herein, the Individual Officers intentionally deprived Plaintiffs of their freedom of movement that Plaintiffs did not knowingly or voluntarily consent.

87. The Individual Officers knew that their conduct could and would likely result in the violation of Plaintiffs' State and Federal civil rights.

88. The Individual Officers knew that their conduct could and would likely result in further significant injury or the unnecessary and wanton infliction of emotional distress.

89. The Individual Officers disregarded the risks that their conduct would likely result in a violation of rights and cause damages to Plaintiffs.

90. As a result of the misconduct alleged herein, the Individual Officers are liable for Plaintiffs' injuries, either because they were integral participants in causing damages and the violation of Plaintiffs' civil rights, or because they failed to intervene to prevent these violations.

91. At all relevant times, the Individual Officers were acting with the complete authority and ratification of their principal, Defendant County of San Bernardino and City of Rialto. Pursuant to California Government Code Section 815.2, Defendant County of San Bernardino and City of Rialto is vicariously liable for the acts, omissions and conduct of its employees and vicariously liable for all State claims set forth herein.

KIRAKOSIAN LAW, APC

KIRAKOSIAN LAW, APC

92.    The Individual Officers acted in a willful, wanton, malicious, and oppressive manner with a conscious disregard of Plaintiffs' rights conferred upon Plaintiffs by intentionally, knowingly, and recklessly violating those rights and causing damages. In so acting, the Individual Officers manifested a conscious or reckless disregard for Plaintiffs' rights, so as to justify the assessment of punitive and exemplary damages against the Individual Officers in a sum to be established according to proof.

93.    Plaintiffs seek compensatory damages and punitive damages under this claim.

## FIFTH CLAIM FOR RELIEF

### Battery

(*Plaintiffs Omar Sandoval, Linda Rodriguez, and Alan Madero-Sandoval Against All Defendants*)

94.    Plaintiffs repeat and reallege each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

95.    As alleged herein, on July 30, 2024, the Individual Officers seized Plaintiffs' persons. In doing so, the Individual Officers used unnecessary, unreasonable, and excessive force.

96.    At all relevant times, the Individual Officers had a duty to use reasonable care in their interaction with the Plaintiffs and to ensure that an individual is free from foreseeable risks of harm and not to expose such person to reasonably foreseeable risks of injury, including, but not limited to, the use of excessive force that caused harm to Plaintiffs Omar Sandoval, Linda Rodriguez, and Alan Madero-Sandoval.

97.    Neither the basis for the seizure nor the methods used to conduct the seizure were legal, justifiable, reasonable, or based on any reasonable or probable cause.

98.    The Individual Officers violated Plaintiffs Omar Sandoval, Linda Rodriguez, and Alan Madero-Sandoval's State and Federal civil rights by using

excessive force when the Individual Officers violently, recklessly, and needlessly escalated an encounter into one with the use of extreme, excessive physical force.

99.    No objective facts readily available and known to the Individual Officers could have reasonably led a reasonable law enforcement officer to conclude that the use of force upon Plaintiffs were reasonable, lawful, or justified.

100.    Further, the Individual Officers actions and use of force violated not only their training and standard police officer training, but all common sense and human decency.

101.    Defendants' unjustified excessive use of force deprived Plaintiffs Omar Sandoval, Linda Rodriguez, and Alan Madero-Sandoval of their rights to be secure against unreasonable use of force as guaranteed under State law and the Fourth Amendment of the United States Constitution.

102.    As described in further detail herein, the Individual Officers intentionally made physical and offensive contacts toward Plaintiffs Omar Sandoval, Linda Rodriguez, and Alan Madero-Sandoval, of which they did not consent.

103.    The Individual Officers knew that their conduct could and would likely result in the violation of Plaintiffs Omar Sandoval, Linda Rodriguez, and Alan Madero-Sandoval's State and Federal civil rights.

104.    The Individual Officers knew that their conduct could and would likely result in further significant injury or the unnecessary and wanton infliction of emotional distress.

105.    The Individual Officers disregarded the risks that their conduct would likely result in a violation of rights and cause damages to Plaintiffs Omar Sandoval, Linda Rodriguez, and Alan Madero-Sandoval.

106.    As a result of the misconduct alleged herein, the Individual Officers are liable for Plaintiffs Omar Sandoval, Linda Rodriguez, and Alan Madero-Sandoval's injuries, either because they were integral participants in causing damages and the violation of Plaintiffs' civil rights, or because they failed to intervene to prevent these

KIRAKOSIAN LAW, APC

violations.

107. At all relevant times, the Individual Officers were acting with the complete authority and ratification of their principal, Defendant County of San Bernardino and City of Rialto. Pursuant to California Government Code Section 815.2, Defendant County of San Bernardino and City of Rialto is vicariously liable for the acts, omissions and conduct of its employees and vicariously liable for all State claims set forth herein.

108. The Individual Officers acted in a willful, wanton, malicious, and oppressive manner with a conscious disregard of Plaintiffs Omar Sandoval, Linda Rodriguez, and Alan Madero-Sandoval's rights conferred upon Plaintiffs by intentionally, knowingly, and recklessly violating those rights and causing damages. In so acting, the Individual Officers manifested a conscious or reckless disregard for Plaintiffs Omar Sandoval, Linda Rodriguez, and Alan Madero-Sandoval's rights, so as to justify the assessment of punitive and exemplary damages against the Individual Officers in a sum to be established according to proof.

109. Plaintiffs Omar Sandoval, Linda Rodriguez, and Alan Madero-Sandoval seek compensatory damages and punitive damages under this claim.

## SIXTH CLAIM FOR RELIEF

### Negligent Infliction of Emotional Distress – Bystander

#### (*Plaintiffs Against All Defendants*)

110. Plaintiffs repeat and reallege each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

111. Plaintiff Omar Sandoval is the husband of Plaintiff Linda Rodriguez, the father of Plaintiff A.S. and the brother of Plaintiffs Alan Madero-Sandoval and Oscar Madero-Sandoval.

112. Plaintiff Linda Rodriguez is the wife of Plaintiff Omar Sandoval, the mother of Plaintiff A.S., and the sister-in-law of Plaintiffs Alan Madero-Sandoval and Oscar Madero-Sandoval.

113.  Plaintiff A.S. is the son of Plaintiffs Omar Sandoval and Linda Rodriguez and the nephew of Plaintiffs Alan Madero-Sandoval and Oscar Madero-Sandoval.

114.  Plaintiff Alan Madero-Sandoval is the brother of Plaintiffs Omar Sandoval and Oscar Madero-Sandoval, the brother-in-law of Plaintiff Linda Rodriguez, and the uncle of Plaintiff A.S.

115.  Plaintiff Oscar Madero-Sandoval is the brother of Plaintiffs Omar Sandoval and Alan Madero-Sandoval, the brother-in-law of Plaintiff Linda Rodriguez, and the uncle of Plaintiff A.S.

116.  As alleged herein, the Individual Officers' misconduct caused physical injuries to Plaintiffs Omar Sandoval, Linda Rodriguez, and Alan Madero-Sandoval.

117.  All Plaintiffs were present at the scene and aware that Plaintiffs Omar Sandoval, Linda Rodriguez, and Alan Madero-Sandoval's rights were violated, subjected to excessive force, and sustained physical injuries.

118.  As a result of being present at the scene and perceiving Omar Sandoval, Linda Rodriguez, and Alan Madero-Sandoval being injured, all Plaintiffs suffered serious emotional distress, including but not limited to suffering anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame.

119.  On information and belief, an ordinary reasonable person would have suffered such emotional distress and would be unable to cope with witnessing the incident and injuries to their loved ones.

120.  The Individual Officers knew that their conduct could and would likely result in further significant injury or the unnecessary and wanton infliction of emotional distress.

121.  The Individual Officers disregarded the risks that their conduct would likely result in damages to Plaintiffs.

122.  As a result of the misconduct alleged herein, the Individual Officers are liable for Plaintiffs' injuries, either because they were integral participants in causing damages and the violation of Plaintiffs' civil rights, or because they failed to intervene

KIRAKOSIAN LAW, APC

to prevent these violations.

123.  At all relevant times, the Individual Officers were acting with the complete authority and ratification of their principal, Defendant County of San Bernardino and City of Rialto. Pursuant to California Government Code Section 815.2, Defendant County of San Bernardino and City of Rialto is vicariously liable for the acts, omissions and conduct of its employees and vicariously liable for all State claims set forth herein.

124.  Plaintiffs seek compensatory damages under this claim.

## SEVENTH CLAIM FOR RELIEF

### Violation of the Bane Act

(*Plaintiffs Against All Defendants*)

125.  Plaintiffs repeat and reallege each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

126.  California Civil Code, Section 52.1 (the Bane Act), prohibits any person from interfering with another person's exercise or enjoyment of his constitutional rights by threats, intimidation, or coercion (including by violating a person's rights against unlawful searches and seizures, excessive force, and other civil rights violations enumerated herein).

127.  Any individual whose exercise or enjoyment of rights secured by the Constitution or laws of this state, has been interfered with, as described in subdivision (a), may institute and prosecute in his name and on his own behalf a civil action for damages, including but not limited to, damages under Section 52, injunctive relief, and other appropriate equitable relief to protect the peaceable exercise or enjoyment of the rights secured, including appropriate equitable and declaratory relief to eliminate a pattern or practice of conduct as described in subdivision (a).

128.  The Bane Act, the California Constitution and California common law prohibit the use of excessive force, wrongful detention and arrest, and other civil rights violations by law enforcement. California Civil Code, Section 52.1(b)

KIRAKOSIAN LAW, APC

authorizes a private right of action and permits survival actions for such claims. The Individual Officers violated Plaintiffs' State and Federal rights as described in detail herein, all of which acts were done intentionally and with a reckless disregard for Plaintiffs' rights.

129.  The conduct of the Individual Officers was a substantial factor in causing the harm, losses, injuries, and damages of Plaintiffs as described herein.

130.  Defendant Individual Officers, while working as police officers for the County of San Bernardino and City of Rialto, and acting within the course and scope of their duties, interfered with or attempted to interfere with the rights of Plaintiffs to be free from unreasonable searches and seizures, and to be free from state actions that shock the conscience, by threatening or committing acts involving violence, threats, coercion, or intimidation.

131.  The Individual Officers acted intentionally and with a reckless disregard for Plaintiffs' State and Federal civil rights.

132.  The Individual Officers knew that their conduct could and would likely result in further significant injury or the unnecessary and wanton infliction of emotional distress.

133.  The Individual Officers disregarded the risks that their conduct would likely result in a violation of rights and cause damages to Plaintiffs.

134.  As a result of the misconduct alleged herein, the Individual Officers are liable for Plaintiffs' injuries, either because they were integral participants in causing damages and the violation of Plaintiffs' civil rights, or because they failed to intervene to prevent these violations.

135.  At all relevant times, the Individual Officers were acting with the complete authority and ratification of their principal, Defendant County of San Bernardino and City of Rialto. Pursuant to California Government Code Section 815.2, Defendant County of San Bernardino and City of Rialto is vicariously liable for the acts, omissions and conduct of its employees and vicariously liable for all State

KIRAKOSIAN LAW, APC

claims set forth herein.

136.  The Individual Officers acted in a willful, wanton, malicious, and oppressive manner with a conscious disregard of Plaintiffs' rights conferred upon Plaintiffs by intentionally, knowingly, and recklessly violating those rights and causing damages. In so acting, the Individual Officers manifested a conscious or reckless disregard for Plaintiffs' rights, so as to justify the assessment of punitive and exemplary damages against the Individual Officers in a sum to be established according to proof.

137.  Due to the conduct of the Individual Officers, Plaintiffs have been required to incur Attorneys' fees and will continue to incur attorneys' fees, all to Plaintiffs' damage in a sum to be proved at trial and recoverable pursuant to California Civil Code, Section 52.1 et seq.

138.  Plaintiffs seek compensatory damages, treble damages, punitive damages, and attorneys' fees under this claim.

/ / /

/ / /

KIRAKOSIAN LAW, APC

PLAINTIFFS' COMPLAINT FOR DAMAGES

## **DEMAND FOR JURY TRIAL AND PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs Omar Sandoval, Linda Rodriguez, A.S., a minor, Alan Madero-Sandoval, and Oscar Madero-Sandoval hereby demands a jury trial on all causes of action and prays for relief and judgment against County of San Bernardino and City of Rialto and its Individual Officers as follows:

1.  For past and future general damages in an amount to be determined by proof at trial;

2.  For past and future special damages in an amount to be determined by proof at trial;

3.  For punitive and exemplary damages against the Individual Officers;

4.  For reasonable attorneys' fees and costs as provided by statute;

5.  For treble damages pursuant to California Civil Code Sections 52, 52.1;

6.  For all penalties  and other special damages as allowable by law;

7.  For costs of suit incurred herein;

8.  For interest; and

9.  For such other and further relief as the Court deems just and proper.

Date:  July 23, 2025

KIRAKOSIAN LAW,  APC

By _____
    GREG L. KIRAKOSIAN
    RAFFI S. BATANIAN
    *Attorneys for Plaintiffs,*
    OMAR SANDOVAL, LINDA
    RODRIGUEZ, A.S., a minor,
    ALAN MADERO-SANDOVAL,
    AND OSCAR MADERO-
    SANDOVAL

KIRAKOSIAN LAW, APC

PLAINTIFFS' COMPLAINT FOR DAMAGES