1  Eric S. Vail (SBN 160333)
   E-mail:  evail@bwslaw.com
2  Algeria R. Ford (SBN 289016)
   E-mail:  aford@bwslaw.com
3  Roy C. Santos (SBN 259718)
   E-mail:  rsantos@bwslaw.com
4  BURKE, WILLIAMS & SORENSEN, LLP
   1999 Harrison Street, Suite 1650
5  Oakland, California 94612-3520
   Tel:  510.273.8780Fax:  510.839.9104
6
   Attorneys for CITY OF RIALTO
7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11 | OMAR SANDOVAL, LINDA | Case No. 5:25-cv-1879
   | RODRIGUEZ, ADEMIR
12 | SANDOVAL, ALAN MADERO- | **DEFENDANT CITY OF RIALTO'S**
   | SANDOVAL, AND OSCAR | **ANSWER TO PLAINTIFFS'**
13 | MADERO-SANDOVAL, | **COMPLAINT FOR DAMAGES**

14              Plaintiffs,          Judge:   Alka Sagar

15        v.

16 | CITY OF RIALTO, COUNTY OF
   | SAN BERNARDINO, AND DOE
17 | OFFICERS 1-10,

18              Defendants.

19

20        Pursuant to Plaintiffs Omar Sandoval, Linda Rodriguez, Ademir Sandoval,

21 Alan Madero-Sandoval, and Oscar Madero-Sandoval's Complaint for Damages,

22
   ECF No. 1, Defendant, the City of Rialto ("Defendant"), a California municipal
23
   corporation, responds to Plaintiffs' complaint as follows:
24

25                    **INTRODUCTION**

26

27        1.    Responding to Paragraph 1 of Plaintiffs' complaint, the averments

28 contained within Paragraph 1 constitute factual and legal conclusions to which

                          1

Defendant believes no answer is required. To the extent an answer is required, Defendants deny the averments within Paragraph 1. Defendants otherwise deny that Plaintiff has a basis for a legal action against Defendants.

2.      Responding to Paragraph 2 of Plaintiffs' complaint, the averments contained within Paragraph 2 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required, Defendant admits an incident occurred on July 30, 2024, and Defendant denies the remaining averments within Paragraph 2.

## JURISDICTION AND VENUE

3.      Responding to Paragraph 3 of Plaintiffs' complaint, Defendant admits the Court has subject matter jurisdiction over the federal law claims pursuant to 28 U.S.C. § 1331.

4.      Responding to Paragraph 4 of Plaintiffs' complaint, to the extent Plaintiffs' state law claims derive from the same nucleus of operative facts and are part of the same case or controversy under Article III of the U.S. Constitution, Defendant admits the Court may exercise supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367.

5.      Responding to Paragraph 5 of Plaintiffs' complaint, to the extent the acts and omissions giving rise to Plaintiff's claims occurred in the County of San Bernardino, within the Central District of California, Defendants admits venue is proper in this judicial district under 28 U.S.C. § 1391(b). Defendant lacks sufficient

information to either admit or deny the remaining averments in Paragraph 5 of Plaintiffs' complaint, and on this basis, denies the remaining averments and deny that Plaintiff has a basis for a legal action against Defendants.

## <u>PARTIED AND GENERAL ALLEGATIONS</u>

6.      Responding to Paragraph 6 of Plaintiffs' complaint, the averments contained within Paragraph 6 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required, Defendant lacks sufficient information to either admit or deny the averments in Paragraph 6 of Plaintiffs' complaint, and on this basis, deny the averments.

7.      Responding to Paragraph 7 of Plaintiffs' complaint, the averments contained within Paragraph 7 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required, Defendant lacks sufficient information to either admit or deny the averments in Paragraph 7 of Plaintiffs' complaint, and on this basis, deny the averments.

8.      Responding to Paragraph 8 of Plaintiffs' complaint, the averments contained within Paragraph 8 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required, Defendant lacks sufficient information to either admit or deny the averments in Paragraph 8 of Plaintiffs' complaint, and on this basis, deny the averments.

9.      Responding to Paragraph 9 of Plaintiffs' complaint, the averments

contained within Paragraph 9 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required, Defendant lacks sufficient information to either admit or deny the averments in Paragraph 9 of Plaintiffs' complaint, and on this basis, deny the averments.

10.     Responding to Paragraph 10 of Plaintiffs' complaint, the averments contained within Paragraph 10 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required, Defendant lacks sufficient information to either admit or deny the averments in Paragraph 10 of Plaintiffs' complaint, and on this basis, deny the averments.

11.     Responding to Paragraph 11 of Plaintiffs' complaint, the averments contained within Paragraph 11 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required, Defendant lacks sufficient information to either admit or deny the averments in Paragraph 11 of Plaintiffs' complaint, and on this basis, deny the averments.

12.     Responding to Paragraph 12 of Plaintiffs' complaint, the averments contained within Paragraph 12 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required, Defendant denies it is a chartered subdivision of the State of California, rather Defendant is a general law city incorporated within the State of California. Defendant lacks sufficient information to either admit or deny the remaining averments in Paragraph 12 of Plaintiffs' complaint, and on this basis, deny these

averments.

13.     Responding to Paragraph 13 of Plaintiffs' complaint, the averments contained within Paragraph 13 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required, Defendant admits it is a general law city incorporated within the State of California and located within the County of San Bernardino.  Defendant lacks sufficient information to either admit or deny the remaining averments in Paragraph 13 of Plaintiffs' complaint, and on this basis, deny these averments.

14.     Responding to Paragraph 14 of Plaintiffs' complaint, the averments contained within Paragraph 14 constitute factual and legal conclusions to which Defendant believes no answer is required.

15.     Responding to Paragraph 15 of Plaintiffs' complaint, the averments contained within Paragraph 15 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required, Defendant lacks sufficient information to either admit or deny the remaining averments in Paragraph 15 of Plaintiffs' complaint, and on this basis, deny these averments.

16.     Responding to Paragraph 16 of Plaintiffs' complaint, the averments contained within Paragraph 16 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required, Defendant lacks sufficient information at this time to either admit or deny the

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

5

Case No. 5:25-cv-1879
DEFENDANT CITY OF RIALTO'S ANSWER TO
PLAINTIFFS' COMPLAINT FOR DAMAGES

remaining averments in Paragraph 16 of Plaintiffs' complaint, and on this basis, deny these averments.

17.    Responding to Paragraph 17 of Plaintiffs' complaint, the averments contained within Paragraph 17 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required, Defendant lacks sufficient information at this time to either admit or deny the remaining averments in Paragraph 17 of Plaintiffs' complaint, and on this basis, deny these averments.

18.    Responding to Paragraph 18 of Plaintiffs' complaint, the averments contained within Paragraph 18 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required, Defendant lacks sufficient information at this time to either admit or deny the remaining averments in Paragraph 18 of Plaintiffs' complaint, and on this basis, deny these averments.

19.    Responding to Paragraph 19 of Plaintiffs' complaint, the averments contained within Paragraph 19 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required, Defendant lacks sufficient information at this time to either admit or deny the remaining averments in Paragraph 19 of Plaintiffs' complaint, and on this basis, deny these averments.

20.    Responding to Paragraph 20 of Plaintiffs' complaint, the averments

contained within Paragraph 20 constitute factual and legal conclusions to which

Defendant believes no answer is required. To the extent an answer is required,

Defendant lacks sufficient information at this time to either admit or deny the

remaining averments in Paragraph 20 of Plaintiffs' complaint, and on this basis,

deny these averments.

21.    Responding to Paragraph 21 of Plaintiffs' complaint, the averments

contained within Paragraph 21 constitute factual and legal conclusions to which

Defendant believes no answer is required. To the extent an answer is required,

Defendant admits that Plaintiffs timely submitted their claims for damage on or

about January 15, 2025, and the claims were rejected by Defendant; Defendant lacks

sufficient information at this time to either admit or deny the remaining averments

in Paragraph 21 of Plaintiffs' complaint, and on this basis, deny these averments.

### FACTS COMMON TO ALL CLAIMS FOR RELIEF

22.    Responding to Paragraph 22 of Plaintiffs' complaint, the averments

contained within Paragraph 22 constitute factual and legal conclusions to which

Defendant believes no answer is required. To the extent an answer is required,

Defendant admits an incident occurred on July 30, 2024, in the City of Rialto, in the

County of San Bernardino, involving Plaintiffs.  Defendant lacks sufficient

information at this time to either admit or deny the remaining averments in

Paragraph 22 of Plaintiffs' complaint, and on this basis, deny these averments.

23.    Responding to Paragraph 23 of Plaintiffs' complaint, the averments

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Oakland

contained within Paragraph 23 constitute factual conclusions to which Defendant believes no answer is required. To the extent an answer is required, Defendant admits a traffic stop occurred on July 30, 2024, of a vehicle being driven by Plaintiff Omar Sandoval and Plaintiffs Linda Rodriguez, A.S., Alan Madero-Sandoval and Oscar Madero-Sandoval were also in the vehicle at the time of the traffic stop. Defendant lacks sufficient information at this time to either admit or deny the remaining averments in Paragraph 22 of Plaintiffs' complaint, and on this basis, deny these averments.

24.    Responding to Paragraph 24 of Plaintiffs' complaint, the averments contained within Paragraph 24 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required, Defendant admits Plaintiff Omar Sandoval was contacted by City of Rialto Police Department officers and during the incident a Taser was deployed on Plaintiff Omar Sandoval.  Defendant lacks sufficient information at this time to either admit or deny the remaining averments in Paragraph 24 of Plaintiffs' complaint, and on this basis, deny these averments.

25.    Responding to Paragraph 25 of Plaintiffs' complaint, the averments contained within Paragraph 25 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required, Defendant admits Plaintiff Linda Rodriguez was contacted by City of Rialto Police Department officers during a traffic stop and she was detained.  Defendant lacks

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

sufficient information at this time to either admit or deny the remaining averments in Paragraph 25 of Plaintiffs' complaint, and on this basis, deny these averments.

26.    Responding to Paragraph 26 of Plaintiffs' complaint, the averments contained within Paragraph 26 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required, Defendant admits Plaintiff Alan Madero-Sandoval was contacted by City of Rialto Police Department officers during a traffic stop and he was detained.  Defendant lacks sufficient information at this time to either admit or deny the remaining averments in Paragraph 26 of Plaintiffs' complaint, and on this basis, deny these averments.

27.    Responding to Paragraph 27 of Plaintiffs' complaint, the averments contained within Paragraph 27 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required, Defendant admits Plaintiff A.S. was a passenger within a vehicle driven by Plaintiff Omar Sandoval which was contacted by City of Rialto Police Department officers during a traffic stop.  Defendant lacks sufficient information at this time to either admit or deny the remaining averments in Paragraph 27 of Plaintiffs' complaint, and on this basis, deny these averments.

28.    Responding to Paragraph 28 of Plaintiffs' complaint, the averments contained within Paragraph 28 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required,

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

9

Case No. 5:25-cv-1879
DEFENDANT CITY OF RIALTO'S ANSWER TO
PLAINTIFFS' COMPLAINT FOR DAMAGES

Defendant admits Plaintiff Omar Sandoval was detained and arrested and Plaintiff Linda Rodriguez and Alan Madero-Sandoval were detained during the incident. Defendant lacks sufficient information at this time to either admit or deny the remaining averments in Paragraph 28 of Plaintiffs' complaint, and on this basis, deny these averments.

29.     Responding to Paragraph 29 of Plaintiffs' complaint, the averments contained within Paragraph 29 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required, Defendant denies the averments in Paragraph 29 of Plaintiffs' complaint.

30.     Responding to Paragraph 30 of Plaintiffs' complaint, the averments contained within Paragraph 25 constitute factual and legal conclusions to which Defendant believes no answer is required.

## FIRST CLAIM FOR RELIEF

31.     Responding to Paragraph 31 of Plaintiffs' complaint, the averments contained within Paragraph 31 constitute factual and legal conclusions to which Defendant believes no answer is required.

32.     Responding to Paragraph 32 of Plaintiffs' complaint, the averments contained within Paragraph 32 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required, Defendant admits Plaintiff Omar Sandoval was contacted by City of Rialto Police Department officers during a traffic stop.  Defendant denies the remaining

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

10

Case No. 5:25-cv-1879
DEFENDANT CITY OF RIALTO'S ANSWER TO
PLAINTIFFS' COMPLAINT FOR DAMAGES

averments in Paragraph 32 of Plaintiffs' complaint.

33.    Responding to Paragraph 33 of Plaintiffs' complaint, the averments contained within Paragraph 33 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required, Defendant denies the averments in Paragraph 33 of Plaintiffs' complaint.

34.    Responding to Paragraph 34 of Plaintiffs' complaint, the averments contained within Paragraph 34 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required, Defendant denies the averments in Paragraph 34 of Plaintiffs' complaint.

35.    Responding to Paragraph 35 of Plaintiffs' complaint, the averments contained within Paragraph 35 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required, Defendant denies the averments in Paragraph 35 of Plaintiffs' complaint.

36.    Responding to Paragraph 36 of Plaintiffs' complaint, the averments contained within Paragraph 36 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required, Defendant denies the averments in Paragraph 36 of Plaintiffs' complaint.

37.    Responding to Paragraph 37 of Plaintiffs' complaint, the averments contained within Paragraph 37 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required, Defendant denies the averments in Paragraph 37 of Plaintiffs' complaint.

Burke, Williams & Sorensen, LLP
Attorneys at Law
Oakland

11

Case No. 5:25-cv-1879
DEFENDANT CITY OF RIALTO'S ANSWER TO
PLAINTIFFS' COMPLAINT FOR DAMAGES

38.     Responding to Paragraph 38 of Plaintiffs' complaint, the averments contained within Paragraph 38 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required, Defendant denies the averments in Paragraph 38 of Plaintiffs' complaint.

39.     Responding to Paragraph 39 of Plaintiffs' complaint, the averments contained within Paragraph 39 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required, Defendant denies the averments in Paragraph 39 of Plaintiffs' complaint.

40.     Responding to Paragraph 40 of Plaintiffs' complaint, the averments contained within Paragraph 40 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required, Defendant denies the averments in Paragraph 40 of Plaintiffs' complaint.

41.     Responding to Paragraph 41 of Plaintiffs' complaint, the averments contained within Paragraph 41 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required, Defendant denies the averments in Paragraph 41 of Plaintiffs' complaint.

42.     Responding to Paragraph 42 of Plaintiffs' complaint, the averments contained within Paragraph 42 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required, Defendant denies the averments in Paragraph 42 of Plaintiffs' complaint.

43.     Responding to Paragraph 43 of Plaintiffs' complaint, the averments

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

Case No. 5:25-cv-1879
DEFENDANT CITY OF RIALTO'S ANSWER TO
PLAINTIFFS' COMPLAINT FOR DAMAGES

contained within Paragraph 43 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required, Defendant denies the averments in Paragraph 43 of Plaintiffs' complaint.

44.     Responding to Paragraph 44 of Plaintiffs' complaint, the averments contained within Paragraph 44 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required, Defendant denies the averments in Paragraph 44 of Plaintiffs' complaint.

45.     Responding to Paragraph 45 of Plaintiffs' complaint, the averments contained within Paragraph 45 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required, Defendant denies the averments in Paragraph 45 of Plaintiffs' complaint.

46.     Responding to Paragraph 46 of Plaintiffs' complaint, the averments contained within Paragraph 46 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required, Defendant denies the averments in Paragraph 46 of Plaintiffs' complaint.

47.     Responding to Paragraph 47 of Plaintiffs' complaint, the averments contained within Paragraph 47 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required, Defendant denies the averments in Paragraph 47 of Plaintiffs' complaint.

48.     Responding to Paragraph 48 of Plaintiffs' complaint, the averments contained within Paragraph 48 constitute factual and legal conclusions to which

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

13

Case No. 5:25-cv-1879
DEFENDANT CITY OF RIALTO'S ANSWER TO
PLAINTIFFS' COMPLAINT FOR DAMAGES

Defendant believes no answer is required. To the extent an answer is required, Defendant denies the averments in Paragraph 48 of Plaintiffs' complaint.

49.    Responding to Paragraph 49 of Plaintiffs' complaint, the averments contained within Paragraph 49 constitute factual and legal conclusions to which Defendant believes no answer is required.

50.    Responding to Paragraph 50 of Plaintiffs' complaint, the averments contained within Paragraph 50 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required, Defendant denies the averments in Paragraph 50 of Plaintiffs' complaint.

51.    Responding to Paragraph 51 of Plaintiffs' complaint, the averments contained within Paragraph 51 constitute factual and legal conclusions to which Defendant believes no answer is required.

## SECOND CLAIM FOR RELIEF

52.    Responding to Paragraph 52 of Plaintiffs' complaint, the averments contained within Paragraph 52 constitute factual and legal conclusions to which Defendant believes no answer is required.

53.    Responding to Paragraph 53 of Plaintiffs' complaint, the averments contained within Paragraph 53 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required, Defendant admits Plaintiffs were contacted by City of Rialto Police Department officers during a traffic stop of a vehicle driven by Plaintiff Omar Sandoval.

Burke, Williams & Sorensen, LLP
Attorneys at Law
Oakland

14

Case No. 5:25-cv-1879
DEFENDANT CITY OF RIALTO'S ANSWER TO
PLAINTIFFS' COMPLAINT FOR DAMAGES

Defendant denies the remaining averments in Paragraph 53 of Plaintiffs' complaint.

54.    Responding to Paragraph 54 of Plaintiffs' complaint, the averments contained within Paragraph 54 constitute factual and legal conclusions to which Defendant believes no answer is required.

55.    Responding to Paragraph 55 of Plaintiffs' complaint, the averments contained within Paragraph 55 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required, Defendant denies the averments in Paragraph 55 of Plaintiffs' complaint.

56.    Responding to Paragraph 56 0f Plaintiffs' complaint, the averments contained within Paragraph 56 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required, Defendant denies the averments in Paragraph 56 of Plaintiffs' complaint.

57.    Responding to Paragraph 57 of Plaintiffs' complaint, the averments contained within Paragraph 57 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required, Defendant denies the averments in Paragraph 57 of Plaintiffs' complaint.

58.    Responding to Paragraph 58 of Plaintiffs' complaint, the averments contained within Paragraph 58 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required, Defendant denies the averments in Paragraph 58 of Plaintiffs' complaint.

59.    Responding to Paragraph 59 of Plaintiffs' complaint, the averments

Burke, Williams & Sorensen, LLP
Attorneys at Law
Oakland

15

Case No. 5:25-cv-1879
DEFENDANT CITY OF RIALTO'S ANSWER TO
PLAINTIFFS' COMPLAINT FOR DAMAGES

1  contained within Paragraph 59 constitute factual and legal conclusions to which

2  Defendant believes no answer is required. To the extent an answer is required,

3
4  Defendant denies the averments in Paragraph 59 of Plaintiffs' complaint.

5      60.    Responding to Paragraph 60 of Plaintiffs' complaint, the averments

6  contained within Paragraph 60 constitute factual and legal conclusions to which

7
8  Defendant believes no answer is required. To the extent an answer is required,

9  Defendant denies the averments in Paragraph 60 of Plaintiffs' complaint.

10
11     61.    Responding to Paragraph 61 of Plaintiffs' complaint, the averments

12  contained within Paragraph 61 constitute factual and legal conclusions to which

13  Defendant believes no answer is required. To the extent an answer is required,

14  Defendant denies the averments in Paragraph 61 of Plaintiffs' complaint.

15
16     62.    Responding to Paragraph 62 of Plaintiffs' complaint, the averments

17  contained within Paragraph 62 constitute factual and legal conclusions to which

18
19  Defendant believes no answer is required. To the extent an answer is required,

20  Defendant denies the averments in Paragraph 62 of Plaintiffs' complaint.

21     63.    Responding to Paragraph 63 of Plaintiffs' complaint, the averments

22
23  contained within Paragraph 63 constitute factual and legal conclusions to which

24  Defendant believes no answer is required. To the extent an answer is required,

25  Defendant denies the averments in Paragraph 63 of Plaintiffs' complaint.

26     64.    Responding to Paragraph 64 of Plaintiffs' complaint, the averments

27
28  contained within Paragraph 64 constitute factual and legal conclusions to which

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Oakland

16

Case No. 5:25-cv-1879
DEFENDANT CITY OF RIALTO'S ANSWER TO
PLAINTIFFS' COMPLAINT FOR DAMAGES

Defendant believes no answer is required. To the extent an answer is required, Defendant denies the averments in Paragraph 64 of Plaintiffs' complaint.

65.     Responding to Paragraph 65 of Plaintiffs' complaint, the averments contained within Paragraph 65 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required, Defendant denies the averments in Paragraph 65 of Plaintiffs' complaint.

66.     Responding to Paragraph 66 of Plaintiffs' complaint, the averments contained within Paragraph 66 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required, Defendant denies the averments in Paragraph 66 of Plaintiffs' complaint.

67.     Responding to Paragraph 67 of Plaintiffs' complaint, the averments contained within Paragraph 67 constitute factual and legal conclusions to which Defendant believes no answer is required.

68.     Responding to Paragraph 68 of Plaintiffs' complaint, the averments contained within Paragraph 68 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required, Defendant denies the averments in Paragraph 68 of Plaintiffs' complaint.

69.     Responding to Paragraph 69 of Plaintiffs' complaint, the averments contained within Paragraph 69 constitute factual and legal conclusions to which Defendant believes no answer is required.

///

Burke, Williams & Sorensen, LLP
Attorneys at Law
Oakland

# **THIRD CLAIM FOR RELIEF**

70.     Responding to Paragraph 70 of Plaintiffs' complaint, the averments contained within Paragraph 70 constitute factual and legal conclusions to which Defendant believes no answer is required.

71.     Responding to Paragraph 71 of Plaintiffs' complaint, the averments contained within Paragraph 71 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required, Defendant denies the averments in Paragraph 71 of Plaintiffs' complaint.

72.     Responding to Paragraph 72 of Plaintiffs' complaint, the averments contained within Paragraph 72 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required, Defendant denies the averments in Paragraph 72 of Plaintiffs' complaint.

73.     Responding to Paragraph 73 of Plaintiffs' complaint, the averments contained within Paragraph 73 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required, Defendant denies the averments in Paragraph 73 of Plaintiffs' complaint.

74.     Responding to Paragraph 74 of Plaintiffs' complaint, the averments contained within Paragraph 74 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required, Defendant denies the averments in Paragraph 74 of Plaintiffs' complaint.

75.     Responding to Paragraph 75 of Plaintiffs' complaint, the averments

Burke, Williams & Sorensen, LLP
Attorneys at Law
Oakland

contained within Paragraph 75 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required, Defendant denies the averments in Paragraph 75 of Plaintiffs' complaint.

76.     Responding to Paragraph 76 of Plaintiffs' complaint, the averments contained within Paragraph 76 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required, Defendant denies the averments in Paragraph 76 of Plaintiffs' complaint.

77.     Responding to Paragraph 77 of Plaintiffs' complaint, the averments contained within Paragraph 77 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required, Defendant denies the averments in Paragraph 77 of Plaintiffs' complaint.

78.     Responding to Paragraph 78 of Plaintiffs' complaint, the averments contained within Paragraph 78 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required, Defendant denies the averments in Paragraph 78 of Plaintiffs' complaint.

79.     Responding to Paragraph 79 of Plaintiffs' complaint, the averments contained within Paragraph 79 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required, Defendant denies the averments in Paragraph 79 of Plaintiffs' complaint.

80.     Responding to Paragraph 80 of Plaintiffs' complaint, the averments contained within Paragraph 80 constitute factual and legal conclusions to which

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

19

Case No. 5:25-cv-1879
DEFENDANT CITY OF RIALTO'S ANSWER TO
PLAINTIFFS' COMPLAINT FOR DAMAGES

Defendant believes no answer is required. To the extent an answer is required, Defendant admits the officers of the City of Rialto Police Department were acting within the course and scope of their employment with the City of Rialto.  Defendant denies the averments in Paragraph 80 of Plaintiffs' complaint.

81.     Responding to Paragraph 81 of Plaintiffs' complaint, the averments contained within Paragraph 81 constitute factual and legal conclusions to which Defendant believes no answer is required.

## **FOURTH CLAIM FOR RELIEF**

82.     Responding to Paragraph 82 of Plaintiffs' complaint, the averments contained within Paragraph 82 constitute factual and legal conclusions to which Defendant believes no answer is required.

83.     Responding to Paragraph 83 of Plaintiffs' complaint, the averments contained within Paragraph 83 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required, Defendant denies the averments in Paragraph 83 of Plaintiffs' complaint.

84.     Responding to Paragraph 84 of Plaintiffs' complaint, the averments contained within Paragraph 84 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required, Defendant denies the averments in Paragraph 84 of Plaintiffs' complaint.

85.     Responding to Paragraph 85 of Plaintiffs' complaint, the averments contained within Paragraph 85 constitute factual and legal conclusions to which

Burke, Williams & Sorensen, LLP
Attorneys at Law
Oakland

20

Case No. 5:25-cv-1879
DEFENDANT CITY OF RIALTO'S ANSWER TO
PLAINTIFFS' COMPLAINT FOR DAMAGES

Defendant believes no answer is required. To the extent an answer is required, Defendant denies the averments in Paragraph 85 of Plaintiffs' complaint.

86.    Responding to Paragraph 86 of Plaintiffs' complaint, the averments contained within Paragraph 86 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required, Defendant denies the averments in Paragraph 86 of Plaintiffs' complaint.

87.    Responding to Paragraph 87 of Plaintiffs' complaint, the averments contained within Paragraph 87 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required, Defendant denies the averments in Paragraph 87 of Plaintiffs' complaint.

88.    Responding to Paragraph 88 of Plaintiffs' complaint, the averments contained within Paragraph 88 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required, Defendant denies the averments in Paragraph 88 of Plaintiffs' complaint.

89.    Responding to Paragraph 89 of Plaintiffs' complaint, the averments contained within Paragraph 89 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required, Defendant denies the averments in Paragraph 89 of Plaintiffs' complaint.

90.    Responding to Paragraph 90 of Plaintiffs' complaint, the averments contained within Paragraph 90 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required,

Case No. 5:25-cv-1879
DEFENDANT CITY OF RIALTO'S ANSWER TO
PLAINTIFFS' COMPLAINT FOR DAMAGES

Defendant denies the averments in Paragraph 90 of Plaintiffs' complaint.

91.    Responding to Paragraph 91 of Plaintiffs' complaint, the averments contained within Paragraph 91 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required, Defendant admits officers from the City of Rialto Police Department were acting within the course and scope of their employment with the City of Rialto.  Defendant denies the averments in Paragraph 91 of Plaintiffs' complaint.

92.    Responding to Paragraph 92 of Plaintiffs' complaint, the averments contained within Paragraph 92 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required, Defendant denies the averments in Paragraph 92 of Plaintiffs' complaint.

93.    Responding to Paragraph 93 of Plaintiffs' complaint, the averments contained within Paragraph 93 constitute factual and legal conclusions to which Defendant believes no answer is required.

## FIFTH CLAIM FOR RELIEF

94.    Responding to Paragraph 94 of Plaintiffs' complaint, the averments contained within Paragraph 94 constitute factual and legal conclusions to which Defendant believes no answer is required.

95.    Responding to Paragraph 95 of Plaintiffs' complaint, the averments contained within Paragraph 95 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required,

Defendant denies the averments in Paragraph 95 of Plaintiffs' complaint.

96.    Responding to Paragraph 96 of Plaintiffs' complaint, the averments contained within Paragraph 96 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required, Defendant denies the averments in Paragraph 96 of Plaintiffs' complaint.

97.    Responding to Paragraph 97 of Plaintiffs' complaint, the averments contained within Paragraph 97 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required, Defendant denies the averments in Paragraph 97 of Plaintiffs' complaint.

98.    Responding to Paragraph 98 of Plaintiffs' complaint, the averments contained within Paragraph 98 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required, Defendant denies the averments in Paragraph 98 of Plaintiffs' complaint.

99.    Responding to Paragraph 99 of Plaintiffs' complaint, the averments contained within Paragraph 99 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required, Defendant denies the averments in Paragraph 99 of Plaintiffs' complaint.

100.    Responding to Paragraph 100 of Plaintiffs' complaint, the averments contained within Paragraph 100 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required, Defendant denies the averments in Paragraph 100 of Plaintiffs' complaint.

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Oakland

23

Case No. 5:25-cv-1879
DEFENDANT CITY OF RIALTO'S ANSWER TO
PLAINTIFFS' COMPLAINT FOR DAMAGES

101.   Responding to Paragraph 101 of Plaintiffs' complaint, the averments contained within Paragraph 101 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required, Defendant denies the averments in Paragraph 101 of Plaintiffs' complaint.

102.   Responding to Paragraph 102 of Plaintiffs' complaint, the averments contained within Paragraph 102 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required, Defendant denies the averments in Paragraph 102 of Plaintiffs' complaint.

103.   Responding to Paragraph 103 of Plaintiffs' complaint, the averments contained within Paragraph 103 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required, Defendant denies the averments in Paragraph 103 of Plaintiffs' complaint.

104.   Responding to Paragraph 104 of Plaintiffs' complaint, the averments contained within Paragraph 104 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required, Defendant denies the averments in Paragraph 104 of Plaintiffs' complaint.

105.   Responding to Paragraph 105 of Plaintiffs' complaint, the averments contained within Paragraph 105 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required, Defendant denies the averments in Paragraph 105 of Plaintiffs' complaint.

106.   Responding to Paragraph 106 of Plaintiffs' complaint, the averments

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

24

Case No. 5:25-cv-1879
DEFENDANT CITY OF RIALTO'S ANSWER TO
PLAINTIFFS' COMPLAINT FOR DAMAGES

contained within Paragraph 106 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required, Defendant denies the averments in Paragraph 106 of Plaintiffs' complaint.

107.   Responding to Paragraph 107 of Plaintiffs' complaint, the averments contained within Paragraph 107 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required, Defendant admits officers from the City of Rialto Police Department were acting within the course and scope of their employment.  Defendant denies the averments in Paragraph 107 of Plaintiffs' complaint.

108.   Responding to Paragraph 108 of Plaintiffs' complaint, the averments contained within Paragraph 108 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required, Defendant denies the averments in Paragraph 108 of Plaintiffs' complaint.

109.   Responding to Paragraph 109 of Plaintiffs' complaint, the averments contained within Paragraph 109 constitute factual and legal conclusions to which Defendant believes no answer is required.

## SIXTH CLAIM FOR RELIEF

110.   Responding to Paragraph 110 of Plaintiffs' complaint, the averments contained within Paragraph 110 constitute factual and legal conclusions to which Defendant believes no answer is required.

111.   Responding to Paragraph 111 of Plaintiffs' complaint, the averments

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

25

Case No. 5:25-cv-1879
DEFENDANT CITY OF RIALTO'S ANSWER TO
PLAINTIFFS' COMPLAINT FOR DAMAGES

contained within Paragraph 111 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required, Defendant lacks sufficient information to admit or deny the averments in Paragraph 111 of Plaintiffs' complaint and therefore denies the averments.

112.   Responding to Paragraph 112 of Plaintiffs' complaint, the averments contained within Paragraph 112 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required, Defendant lacks sufficient information to admit or deny the averments in Paragraph 112 of Plaintiffs' complaint and therefore denies the averments.

113.   Responding to Paragraph 113 of Plaintiffs' complaint, the averments contained within Paragraph 113 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required, Defendant lacks sufficient information to admit or deny the averments in Paragraph 113 of Plaintiffs' complaint and therefore denies the averments.

114.   Responding to Paragraph 114 of Plaintiffs' complaint, the averments contained within Paragraph 114 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required, Defendant lacks sufficient information to admit or deny the averments in Paragraph 114 of Plaintiffs' complaint and therefore denies the averments.

115.   Responding to Paragraph 115 of Plaintiffs' complaint, the averments contained within Paragraph 115 constitute factual and legal conclusions to which

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

26

Case No. 5:25-cv-1879
DEFENDANT CITY OF RIALTO'S ANSWER TO
PLAINTIFFS' COMPLAINT FOR DAMAGES

Defendant believes no answer is required. To the extent an answer is required, Defendant lacks sufficient information to admit or deny the averments in Paragraph 115 of Plaintiffs' complaint and therefore denies the averments.

116.   Responding to Paragraph 116 of Plaintiffs' complaint, the averments contained within Paragraph 116 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required, Defendant lacks sufficient information to admit or deny the averments in Paragraph 116 of Plaintiffs' complaint and therefore denies the averments.

117.   Responding to Paragraph 117 of Plaintiffs' complaint, the averments contained within Paragraph 117 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required, Defendant admits Plaintiffs Omar Sandoval, Linda Rodriguez and Alan Madero-Sandoval were present during the traffic stop.  Defendant lacks sufficient information to admit or deny the remaining averments in Paragraph 117 of Plaintiffs' complaint and therefore denies the averments.

118.   Responding to Paragraph 118 of Plaintiffs' complaint, the averments contained within Paragraph 118 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required, Defendant lacks sufficient information to admit or deny the averments in Paragraph 118 of Plaintiffs' complaint and therefore denies the averments.

119.   Responding to Paragraph 119 of Plaintiffs' complaint, the averments

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

Case No. 5:25-cv-1879
DEFENDANT CITY OF RIALTO'S ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES

contained within Paragraph 119 constitute factual and legal conclusions to which

Defendant believes no answer is required. To the extent an answer is required,

Defendant denies the averments in Paragraph 119 of Plaintiffs' complaint.

120.    Responding to Paragraph 120 of Plaintiffs' complaint, the averments

contained within Paragraph 120 constitute factual and legal conclusions to which

Defendant believes no answer is required. To the extent an answer is required,

Defendant denies the averments in Paragraph 120 of Plaintiffs' complaint.

121.    Responding to Paragraph 121 of Plaintiffs' complaint, the averments

contained within Paragraph 121 constitute factual and legal conclusions to which

Defendant believes no answer is required. To the extent an answer is required,

Defendant denies the averments in Paragraph 121 of Plaintiffs' complaint.

122.    Responding to Paragraph 122 of Plaintiffs' complaint, the averments

contained within Paragraph 122 constitute factual and legal conclusions to which

Defendant believes no answer is required. To the extent an answer is required,

Defendant denies the averments in Paragraph 122 of Plaintiffs' complaint.

123.    Responding to Paragraph 123 of Plaintiffs' complaint, the averments

contained within Paragraph 123 constitute factual and legal conclusions to which

Defendant believes no answer is required. To the extent an answer is required,

Defendant admits officers from the City of Rialto Police Department were acting

within the course and scope of their employment with the City of Rialto.  Defendant

denies the averments in Paragraph 123 of Plaintiffs' complaint.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

28

Case No. 5:25-cv-1879
DEFENDANT CITY OF RIALTO'S ANSWER TO
PLAINTIFFS' COMPLAINT FOR DAMAGES

124.   Responding to Paragraph 124 of Plaintiffs' complaint, the averments contained within Paragraph 124 constitute factual and legal conclusions to which Defendant believes no answer is required.

## SEVENTH CLAIM FOR RELIEF

125.   Responding to Paragraph 125 of Plaintiffs' complaint, the averments contained within Paragraph 125 constitute factual and legal conclusions to which Defendant believes no answer is required.

126.   Responding to Paragraph 126 of Plaintiffs' complaint, the averments contained within Paragraph 126 constitute factual and legal conclusions to which Defendant believes no answer is required.

127.   Responding to Paragraph 127 of Plaintiffs' complaint, the averments contained within Paragraph 127 constitute factual and legal conclusions to which Defendant believes no answer is required.

128.   Responding to Paragraph 128 of Plaintiffs' complaint, the averments contained within Paragraph 128 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required, Defendant denies the averments in Paragraph 128 of Plaintiffs' complaint.

129.   Responding to Paragraph 129 of Plaintiffs' complaint, the averments contained within Paragraph 129 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required, Defendant denies the averments in Paragraph 129 of Plaintiffs' complaint.

Burke, Williams & Sorensen, LLP
Attorneys at Law
Oakland

130.   Responding to Paragraph 130 of Plaintiffs' complaint, the averments contained within Paragraph 130 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required, Defendant admits the officers from the City of Rialto Police Department were acting within the course and scope of their employment with the City of Rialto.  Defendant denies the remaining averments in Paragraph 130 of Plaintiffs' complaint.

131.   Responding to Paragraph 131 of Plaintiffs' complaint, the averments contained within Paragraph 131 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required, Defendant denies the averments in Paragraph 131 of Plaintiffs' complaint.

132.   Responding to Paragraph 132 of Plaintiffs' complaint, the averments contained within Paragraph 132 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required, Defendant denies the averments in Paragraph 132 of Plaintiffs' complaint.

133.   Responding to Paragraph 133 of Plaintiffs' complaint, the averments contained within Paragraph 133 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required, Defendant denies the averments in Paragraph 133 of Plaintiffs' complaint.

134.   Responding to Paragraph 134 of Plaintiffs' complaint, the averments contained within Paragraph 134 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required,

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

30

Case No. 5:25-cv-1879
DEFENDANT CITY OF RIALTO'S ANSWER TO
PLAINTIFFS' COMPLAINT FOR DAMAGES

Defendant denies the averments in Paragraph 134 of Plaintiffs' complaint.

135.   Responding to Paragraph 135 of Plaintiffs' complaint, the averments contained within Paragraph 135 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required, Defendant admits the officers from the City of Rialto Police Department were acting within the course and scope of their employment with the City of Rialto.  Defendant denies the remaining averments in Paragraph 135 of Plaintiffs' complaint.

136.   Responding to Paragraph 136 of Plaintiffs' complaint, the averments contained within Paragraph 136 constitute factual and legal conclusions to which Defendant believes no answer is required. To the extent an answer is required, Defendant denies the averments in Paragraph 136 of Plaintiffs' complaint.

137.   Responding to Paragraph 137 of Plaintiffs' complaint, the averments contained within Paragraph 137 constitute factual and legal conclusions to which Defendant believes no answer is required.

138.   Responding to Paragraph 138 of Plaintiffs' complaint, the averments contained within Paragraph 138 constitute factual and legal conclusions to which Defendant believes no answer is required.

## DEMAND FOR JURY TRIAL AND PRAYER FOR RELIEF

139.   Responding to Paragraphs 1 through 9 of Plaintiffs' complaint, no response to Plaintiffs' demand for a jury trial and prayer for relief is required. Defendant requests the Court deny all relief requested by Plaintiffs.

Burke, Williams & Sorensen, LLP
Attorneys at Law
Oakland

31

Case No. 5:25-cv-1879
DEFENDANT CITY OF RIALTO'S ANSWER TO
PLAINTIFFS' COMPLAINT FOR DAMAGES

## **AFFIRMATIVE DEFENSES**

140.   As separate and independent affirmative defenses, Defendant alleges as follows:

141.   AS AND FOR A FIRST AND SEPARATE AFFIRMATIVE DEFENSE, Defendants alleges Plaintiffs' complaint fails to state sufficient facts to constitute a valid claim against Defendant.

142.   AS AND FOR A SECOND AND SEPARATE AFFIRMATIVE DEFENSE, Defendant alleges at all times and places referred to in Plaintiffs' complaint, and the claims therein alleged, the officers from the City of Rialto Police Department were acting within the scope of their official duties and are entitled to qualified immunity.

143.   AS AND FOR A THIRD AND SEPARATE AFFIRMATIVE DEFENSE, Defendant and its employees cannot be liable for the acts or omissions of another person. (Cal. Gov't Code § 820.8.)

144.   AS AND FOR A FOURTH AND SEPARATE AFFIRMATIVE DEFENSE, Defendant alleges Plaintiffs were negligent in and about those matters alleged in their complaint and Plaintiffs' negligence directly and proximately contributed to the happening on the incident and to the injuries and damages, if any, sustained by Plaintiffs. Defendant alleges the negligence of Plaintiffs should be compared to the total negligence, if any, for the purpose of reducing any recovery by

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

32

Case No. 5:25-cv-1879
DEFENDANT CITY OF RIALTO'S ANSWER TO
PLAINTIFFS' COMPLAINT FOR DAMAGES

Plaintiffs.

145.   AS AND FOR A FIFTH AND SEPARATE AFFIRMATIVE

DEFENSE, Defendant alleges its employees are entitled to any defenses to the same

extent as a private person. (Cal. Gov't Code § 820.)

146.   AS AND FOR A SIXTH AND SEPARATE AFFIRMATIVE

DEFENSE, Defendant alleges at all times and places referred to in Plaintiffs'

complaint on file herein, and the claims therein alleged that their legal responsibility

and/or liability, if any, is found with respect to non-economic damages shall be

limited to the percentage of fault attributable, if any, to said defendants, and separate

judgments be rendered so indicating.

147.   AS AND FOR A SEVENTH AND SEPARATE AFFIRMATIVE

DEFENSE, Defendant alleges at all times and places referred to in Plaintiffs'

complaint on file herein, and the claim therein alleged, Plaintiff voluntarily assumed

the risk of the conduct and results therefrom, proximately causing the damages and

injuries, if any, to Plaintiffs.

148.   AS AND FOR AN EIGHTH AND SEPARATE AFFIRMATIVE

DEFENSE, Plaintiffs' causes of action are barred by the statute of limitations.

149.   AS AND FOR A NINTH AND SEPARATE AFFIRMATIVE

DEFENSE, Defendant alleges, except as otherwise provided by statute, a public

entity is not liable for an injury resulting from an act or omission of an employee of

the public entity where the employee is immune from liability. (Cal. Gov't Code §

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

33

Case No. 5:25-cv-1879
DEFENDANT CITY OF RIALTO'S ANSWER TO
PLAINTIFFS' COMPLAINT FOR DAMAGES

815.2.)

150.   AS AND FOR A TENTH AND SEPARATE AFFIRMATIVE

DEFENSE, Defendant alleges, except as provided by statute, Defendant is not liable

for an injury, whether such injury arises out of an act or omission of the public

entity or a public employee or any other person. (Cal. Gov't Code § 815.) Further,

the liability of Defendant is subject to any immunity provided by statute and is

subject to any defenses that would be available to Defendant if it were a private

person. (Cal. Gov't Code § 815.)

151.   AS AND FOR AN ELEVENTH AND SEPARATE AFFIRMATIVE

DEFENSE, Defendant alleges at all times and places referred to in Plaintiffs'

complaint on file herein, and the claims therein alleged, employees of the City

and/or any individuals defendants are not liable for the acts or omissions of another

individual. (Cal. Gov't Code § 820.8.)

152.   AS AND FOR A TWELFTH AND SEPARATE AFFIRMATIVE

DEFENSE, Defendant alleges neither it nor its employees can be liable for any act

or omission, while exercising due care, in the execution or enforcement of any law.

(Cal. Gov't Code § 820.4.)

153.   AS AND FOR A THIRTEENTH AND SEPARATE AFFIRMATIVE

DEFENSE, Defendant alleges at all times and places referred to in Plaintiffs'

complaint on file herein, and the claims therein alleged, the acts or omissions

complained of by Plaintiff, either in whole or in part, were the result of the

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

34

Case No. 5:25-cv-1879
DEFENDANT CITY OF RIALTO'S ANSWER TO
PLAINTIFFS' COMPLAINT FOR DAMAGES

discretion vested in Defendant and/or its employees. (Cal. Gov't Code § 820.2.)

154.   AS AND FOR A FOURTEENTH AND SEPARATE AFFIRMATIVE DEFENSE, Defendant alleges at all times and places referred to in Plaintiffs' complaint on file herein, and the claims therein alleged, the acts or omissions complained of by Plaintiffs were proximately caused by the negligence or wrongful conduct of persons, other than Defendant and/or its employees, and that the liability, if any, of Defendant and/or its employees should be reduced or diminished in proportion to the fault attributable to others.

155.   AS AND FOR A FIFTEENTH AND SEPARATE AFFIRMATIVE DEFENSE, Defendant alleges at all times and places referred to in Plaintiffs' complaint on file, and the claims therein alleged, Plaintiffs failed to mitigate and/or minimize damages, if any.

156.   AS AND FOR A SIXTEENTH AND SEPARATE AFFIRMATIVE DEFENSE, neither Defendant nor any City of Rialto employee acted with malicious, intentional, reckless, or callous indifference to Plaintiffs' constitutional rights to justify punitive damages.

157.   AS AND FOR A SEVENTEENTH AND SEPARATE AFFIRMATIVE DEFENSE, pursuant to California Government Code section 818, Defendant is not liable for damages awarded pursuant to section 3294 of the Civil Code or any other damages imposed primarily for the sake of example or by way of punishing Defendant. (Cal. Gov't Code § 818.)

1

## <u>PRAYER</u>

WHEREFORE, Defendant prays for judgment as follows:

    1.    Plaintiffs take nothing by way of their complaint;

    2.    This Court deny each and every, and all relief prayed for by Plaintiffs;

    3.    Judgment be entered in favor of Defendant;

    4.    For costs of suits incurred herein, including reasonable attorney's fees under 42 U.S.C. § 1988; and

    5.    For such other and further relief as the Court may deem just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Defendant hereby demands a jury trial as provided by Rule 38 of the Federal Rules of Civil Procedure.

Dated:  August 25, 2025             BURKE, WILLIAMS & SORENSEN, LLP

                             By:    /s/ Roy Santos
                                  Eric S. Vail
                                  Algeria R. Ford
                                  Roy C. Santos
                                  Attorneys for CITY OF RIALTO

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
OAKLAND

36

Case No. 5:25-cv-1879
DEFENDANT CITY OF RIALTO'S ANSWER TO
PLAINTIFFS' COMPLAINT FOR DAMAGES