GREG L. KIRAKOSIAN (SBN 294580)
[greg@kirakosianlaw.com]
**KIRAKOSIAN LAW, APC**
11684 VENTURA BLVD., SUITE 975
STUDIO CITY, CALIFORNIA 91604
TELEPHONE: (213) 986-5389
FACSIMILE: (213) 477-2355

**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

*Attorneys for Plaintiffs,*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR SANDOVAL, LINDA RODRIGUEZ, A.S., by and through JESS RODRIGUEZ, ALAN MADERO-SANDOVAL, AND OSCAR MADERO-SANDOVAL,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF SAN BERNARDINO, CITY OF RIALTO, AND DOE OFFICERS 1-10,<br><br>Defendants, | Case No.: 5:25-cv-01879-AB-AS<br><br>*Hon. Judge André Birotte Jr.*<br>*Roybal – Dept. 7B*<br><br>**JOINT RULE 26(f) SCHEDULING CONFERENCE REPORT**<br><br>Filing Date: 07/23/2025<br><br>Conf. Date: 10/10/2025<br>Conf. Time: 10:00 AM<br>Conf. Dept: 7B |

**TO THE COURT AND THE HON. ANDRÉ BIROTTE JR.:**

Pursuant to Federal Rules of Civil Procedure, Rules 16 and 26(f), the Local Rules, and this Court's August 25, 2025, Order Setting Scheduling Conference [Dkt. No. 14], Plaintiffs Omar Sandoval, Linda Rodriguez, A.S., by and through Jess Rodriguez, Alan Madero-Sandoval, and Oscar Madero-Sandoval ("Plaintiffs") and Defendants County of San Bernardino, and City of Rialto ("Defendants") hereby submit the following Joint Rule 26(f) Report.

Pursuant thereto, an early meeting of counsel was held on September 5, 2025, between Gregory L. Kirakosian, counsel for Plaintiffs; Brian Ginter, counsel for the City of Rialto; and Kristen Rodriguez, counsel for the County of San Bernardino.

## A. SHORT STATEMENT OF CASE

### i. Plaintiffs' Short Statement of Case

This Complaint arises out of an incident that occurred on July 30, 2024, at approximately 4:00 PM, in the City of Rialto, in the County of San Bernardino. The Individual "Doe" Officers initiated a traffic stop of a vehicle that Omar Sandoval was driving. Omar Sandoval's wife, Linda Rodriguez, and their minor son, A.S., were also in the vehicle, as were Omar Sandoval's brothers, Alan Madero-Sandoval and Oscar Madero-Sandoval.

Plaintiffs pulled into the parking lot and the Individual Officers immediately escalated the encounter. In attempting to place Omar Sandoval in handcuffs without justification, the Individual Officers used physical force against Omar Sandoval and deployed a Taser at him, also without justification. The Individual Officers also used physical force against Linda Rodriguez in their attempt to detain and arrest her, without justification. Alan Madero-Sandoval and Oscar Madero-Sandoval were also wrongfully detained without reasonable suspicion of any illegal activity.

Omar Sandoval and Linda Rodriguez's minor son, A.S., contemporaneously perceived the uses of force against his parents. Omar Sandoval's brothers, Alan

Kirakosian Law, APC

Madero-Sandoval and Oscar Madero-Sandoval, contemporaneously perceived the uses of force against Omar Sandoval. Omar Sandoval and Linda Rodriguez contemporaneously perceived the use of force upon each other. As a result of witnessing the uses of force against their loved ones, Omar Sandoval, Linda Rodriguez, A.S., Alan Madero-Sandoval, and Oscar Madero-Sandoval suffered severe emotional distress.

The hands-on physical force against Omar Sandoval, Linda Rodriguez, and Alan Madero-Sandoval, as well as the deployment of the Taser against Omar Sandoval, were excessive and unreasonable and escalated the situation, including because all Plaintiffs were unarmed and posed no threat to the safety of the officers or others at all relevant times. The Individual Officers ultimately handcuffed and arrested Omar Sandoval, and handcuffed and detained Linda Rodriguez and Alan Madero-Sandoval. The Individual Officers detained Omar Sandoval, Linda Rodriguez, and Alan Madero-Sandoval without reasonable suspicion and arrested Omar Sandoval without probable cause. Moreover, the scope and manner of the detentions were unreasonable.

Additionally, after using force against Omar Sandoval, Linda Rodriguez, and Alan Madero-Sandoval, the Individual Officers did not timely summon medical attention and/or prevented the provision of prompt and adequate medical attention, thereby contributing to claimants' injuries. Moreover, the Individual Officers detained Omar Sandoval for an unreasonably long period of time, which further delayed treatment for his injuries. As a result of the Individual Officers' uses of force against them during this incident, Omar Sandoval, Linda Rodriguez, and Alan Madero-Sandoval suffered physical injuries, mental and emotional distress stemming from the physical injuries, past and future medical expenses, and past and future financial loss.

### ii. Defendants' Short Statement of Case

Defendants deny these allegations and the nature and extent of Plaintiffs' alleged damages. Cameras worn by the officers recorded many of the pertinent events

underlying Plaintiffs' claims. This objective evidence demonstrates the reasons the officers acted as they did, and the defenses Defendants have pled in their respective answers to the complaint.

## B. SUBJECT MATTER JURISDICTION

No dispute exists as to Subject Matter Jurisdiction, Personal Jurisdiction, or Venue as Plaintiff's claims arise under the laws of the United States.

This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiffs' claims arise under the laws of the United States, including the United States Constitution, the Fourth Amendment, and 42 U.S.C. § 1983. This Court has supplemental jurisdiction over Plaintiffs' State law claims pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution. Venue is proper in this Court under 28 U.S.C. § 1391(b) because all incidents, events, and occurrences giving rise to this action occurred in the County of San Bernardino, California, and because all Defendants reside in the County of San Bernardino, California.

## C. LEGAL ISSUES

### i. Plaintiffs' Statement

In short, the key legal issues here are whether the Individual Officers had any reasonable suspicion or probable cause to stop, seize, and use force upon Plaintiff. The key legal issues involve the application of the Fourth Amendment (and corollary state law) to the Incident and the search and seizure of Plaintiffs.

At this time, the following are the relevant claims for relief being pursued by Plaintiffs are as follows:

  1. Unlawful Search and Seizure (42 U.S.C. § 1983);

  2. Excessive Force (42 U.S.C. § 1983);

3. Negligence;

4. False Arrest / Imprisonment;

5. Battery;

6. Negligent Infliction of Emotional Distress - Bystander

7. Violation of the Bane Act (Cal. Civ. Code § 52.1);

With respect to the nature and extent of Plaintiffs' damages, legal issues remain to be determined whether Plaintiffs are entitled to recover punitive damages and attorney's fees.

### i. Defendants' Statement

At this time, the following are the relevant affirmative defenses, claims, and legal issues being pursued by Defendants:

**(1)** Qualified immunity on behalf of the individual officer defendants;

**(2)** Comparative negligence on the part of Plaintiffs;

**(3)** Assumption of risk by Plaintiffs;

**(4)** Exercise of proper discretion by a governmental employee (California Government Code § 820.2);

**(5)** Failure to mitigate damages;

**(6)** Compliance with California Government Code § 910 *et seq*.

## D. PARTIES AND EVIDENCE

### i. Joint Statement re Parties

At this time, the following are the identified Parties to this action:

**Plaintiffs**: Omar Sandoval, Linda Rodriguez, A.S., by and through Jess Rodriguez, Alan Madero-Sandoval, and Oscar Madero-Sandoval;

**Defendants**: County of San Bernardino, City of Rialto, and DOE Officers 1-10

The Parties anticipate dismissing, by way of stipulation, the County of San Bernardino. The Parties further anticipate amending the Complaint by way of

stipulation upon learning the identities of the Individual Officers involved in the Incident.

    **ii. Joint Statement re Percipient Witnesses:**

Other than the Parties, the Parties can currently identify no other percipient witnesses likely to have information to testify at the time of trial with the exception of Plaintiffs' medical providers and additional Rialto Police Department officers who responded to the scene of the incident after the use of force against Omar Sandoval occurred.

    **iii. Joint Statement re Documents:**

The Parties can currently identify the following categories of documents likely to be presented at the time of trial:

1. Reports Written by the Individual Officers or similar agents working for Defendant City of Rialto;
2. City of Rialto's policies and training pertinent to the claims set forth in the Complaint;
3. Radio communications or other audio recordings related to the Incident;
4. Body worn video footage or other recorded videos related to the Incident;
5. Records related to the underlying criminal case and/or charges against Plaintiffs; and
6. Plaintiffs' medical records and related damages documents.

**E. DAMAGES**

At this state and with the understanding that Plaintiffs' have not yet completed discovery or conducted an accounting of damages, Plaintiffs are claiming the following categories of damages:

    (a) Past and Future Economic Harm:

(b) Past and Future Non-Economic Harm:

(c) Punitive an Treble Damages (Against Individual Officers only); and

(d) Attorney's Fees.

## F. INSURANCE

The City of Rialto is permissibly self-insured.

## G. FORESEEABLE MOTIONS

### i. Plaintiffs' Motion to Amend Complaint:

As discussed above, the Parties anticipate dismissing, by way of stipulation, the County of San Bernardino. The Parties further anticipate amending the Complaint by way of stipulation upon learning the identities of the Individual Officers involved in the Incident. On September 5, 2025, Plaintiffs' counsel requested that the identities of the Individual Officers involved in the incident be provided so that Plaintiffs could move expeditiously on amending the Complaint before the deadline to amend the pleadings. Counsel for the City of Rialto agreed to provide the names of the Individual Officers upon learning their true identities.

### ii. Stipulation Re Protective Order:

The Parties have agreed to enter into a protective order and anticipate filing such a request and [Proposed] Order within 15 days of filing this Joint Report.

## H. DISPOSITIVE MOTIONS

The parties anticipate filing a motion for summary judgment or, in the alternative, a motion for partial summary adjudication.

At this stage, the Parties are unaware of any other potential motions besides those listed in this report and potential motions to compel concerning discovery issues should the need arise.

I. **MANUAL FOR COMPLEX LITIGATION**

The Parties agree that the Manual for Complex Litigation should not be utilized in this action.

J. **STATUS OF DISCOVERY**

The Parties have met and conferred on the informal exchange of information and intend on making their Initial Disclosures on: **October 3, 2025**.

K. **DISCOVERY PLAN**

The Parties agree that the facts and circumstances surrounding this incident are not overly complex. At this time, the Parties do not believe that the limitations set forth in *Federal Rules* and Local Rules on discovery need to be modified.

The Parties intend to conduct written discovery and depositions that will concern: (1) the facts and circumstances surrounding the Incident; (2) the City of Rialto's policies and procedures; (3) any and all investigative reports and findings regarding the Incident and the conduct of the Individual Officers; (4) Plaintiffs' damages; and (5) all facts concerning the parties claims and defenses.

The parties intend on propounding written discovery requests, including but not limited to: Requests for Admissions, Request for Production of Documents, and Interrogatories. The parties anticipate taking the deposition of the parties and the percipient witnesses identified herein, as well as any currently unknown third-party witnesses and expert witnesses who are identified by the Parties.

L. **PROPOSED PRETRIAL AND TRIAL DATES**

Based upon the foregoing discovery plan, the proposed dates within the Court's Trial and Pretrial Schedule Worksheet, and the Parties' respective schedules, the Parties have agreed upon and respectfully propose the following schedule of Trial and Pretrial dates:

| | |
|---|---|
| Last Date to Amend: | December 12, 2025 |
| Fact Discovery Cutoff: | May 08, 2026 |
| Expert Witness Disclosures: | May 22, 2026 |
| Expert Rebuttal: | June 05, 2026 |
| Expert Discovery Cutoff: | July 17, 2026 |
| Dispositive Hearing Cutoff: | July 31, 2026 |
| Mediation Cutoff Date: | August 14, 2026 |
| Trial Filings (1st Round): | October 02, 2026 |
| Trial Filings (2nd Round): | October 09, 2026 |
| Pre-Trial Conference Date: | October 23, 2026 (Friday) |
| Trial Date: | November 9, 2026 (Monday) |

## M.  ALTERNATIVE DISPUTE RESOLUTION

The parties have not engaged in any settlement discussions to date, but are going to discuss possible early resolution upon the receipt of and exchange of BWV related to the incident and Plaintiffs' medical records. The Parties are amendable to mediate via **ADR Option 2**: through the District Court's Mediation Panel. The Parties are agreeable to Panel Mediator **Richard Copeland**.

| | |
|---|---|
| Mediation Cutoff Date: | August 14, 2026 |

## N.  TRIAL ESTIMATE

The Parties request a Jury Trial. The Parties estimate that the trial will last approximately 5-6 court days, not including a day of jury selection. This number is based on the anticipated 16-18 witnesses likely to testify at trial (5 Plaintiffs; 2 Defendant Officers; 1 PMK for City of Rialto; 2 Police Practices Experts; 4-6 Retained Medical Experts; and 5-6 Non-Retained Medical Experts).

**O.   LEAD TRIAL COUNSEL**

**Plaintiffs**: Dale K. Galipo and Gregory L. Kirakosian for the Plaintiffs.

**Defendants:** Brian S. Ginter for the City of Rialto.

**P.   INDEPENDENT EXPERT OR MASTER**

The Parties agree that neither a discovery master nor an independent expert are needed for this lawsuit at this time.

**Q.   OTHER ISSUES**

None.

Date:  September 26, 2025          **KIRAKOSIAN LAW, APC**
                                   **LAW OFFICES OF DALE K. GALIPO**

                                   */s/ Greg L. Kirakosian*

                                   Greg L. Kirakosian, esq.
                                   Dale K. Galipo, esq.
                                   *Attorneys for Plaintiffs*

Pursuant to the Local Rules, by my signature herein I, Greg L. Kirakosian, attest that all other signatories concur in this filing's content and have authorized this filing.

Date:  September 26, 2025          **WESIERSKI & ZUREK, LLP**

                                   */s/ Kristen R. Rodriguez*

                                   Christopher P. Wesierski, esq.
                                   Kristen R. Rodriguez, esq.
                                   *Attorneys for Defendant,*
                                   COUNTY OF SAN BERNARDINO

/ / /

| | |
|---|---|
| Date: September 26, 2025 | **BURKE, WILLIAMS & SORENSEN, LLP** |
| | */s/ Brian S. Ginter* |
| | Eric S. Vail, esq.<br>Algeria R. Ford, esq.<br>Roy C. Santos, esq.<br>Brian S. Ginter, esq.<br>*Attorneys for Defendant,*<br>CITY OF RIALTO |

4913-4220-0427 v1
**PROOF OF SERVICE**