Eric S. Vail (SBN 160333)
E-mail: evail@bwslaw.com
Algeria R. Ford (SBN 289016)
E-mail: aford@bwslaw.com
Brian S. Ginter (SBN 265786)
E-mail: bginter@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 4000
Los Angeles, California 90071
Tel: 213.236.0600  Fax: 213.236.2700

Attorneys for CITY OF RIALTO,
OFFICER MARTIN DE SHEPPER, and
OFFICER MICHAEL MARTINEZ

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR SANDOVAL, LINDA RODRIGUEZ, ADEMIR SANDOVAL, ALAN MADERO-SANDOVAL, AND OSCAR MADERO-SANDOVAL,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF RIALTO, OFFICER MARTIN DE SHEPPER, OFFICER MICHAEL MARTINEZ, COUNTY OF SAN BERNARDINO, AND DOE OFFICERS 1-10,<br><br>Defendants. | Case No. 5:25-cv-01879-AB-AS<br><br>**DEFENDANTS CITY OF RIALTO, OFFICER MARTIN DE SHEPPER, AND OFFICER MICHAEL MARTINEZ'S ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES** |

Defendants City of Rialto (the "City"), Officer Martin de Shepper ("Officer de Shepper"), and Officer Michael Martinez ("Officer Martinez) (collectively, "Defendants") respond to Plaintiffs' First Amended Complaint ("Complaint") as follows.

## **INTRODUCTION**

1. Responding to Paragraph 1 of Plaintiffs' Complaint, the averments contained within Paragraph 1 constitute factual and legal conclusions to which

1 Defendants believe no answer is required. To the extent an answer is required, Defendants deny the averments within Paragraph 1.

2. Responding to Paragraph 2 of Plaintiffs' Complaint, Defendants admit this matter concerns an incident that occurred on July 30, 2024 in the City of Rialto. Except as expressly admitted herein, Defendants deny the averments within Paragraph 2.

## JURISDICTION AND VENUE

3. Responding to Paragraph 3 of Plaintiffs' Complaint, Defendants admit this Court has subject matter jurisdiction over the federal law claims within Plaintiffs' Complaint pursuant to 28 U.S.C. § 1331.

4. Responding to Paragraph 4 of Plaintiffs' Complaint, to the extent Plaintiffs' state law claims derive from the same nucleus of operative facts and are part of the same case or controversy under Article III of the U.S. Constitution, Defendants admit this Court may exercise supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367. Except as expressly admitted herein, Defendants deny the averments within Paragraph 4.

5. Responding to Paragraph 5 of Plaintiffs' Complaint, to the extent the acts and omissions giving rise to Plaintiffs' claims occurred in the County of San Bernardino, within the Central District of California, Defendants admit venue is proper in this judicial district under 28 U.S.C. § 1391(b). Defendants lack sufficient information and belief to either admit or deny the remaining averments in Paragraph 5 of Plaintiffs' Complaint, and on this basis, deny the remaining averments and deny that Plaintiffs have a basis for a legal action against Defendants.

## PARTIES AND GENERAL ALLEGATIONS

6. Responding to Paragraph 6 of Plaintiffs' Complaint, Defendants lack sufficient information and belief to either admit or deny the averments, and on this basis, deny the averments.

7. Responding to Paragraph 7 of Plaintiffs' Complaint, Defendants lack

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4921-9648-7031 v1

2

Case No. 5:25-cv-01879-AB-AS
DEFENDANTS' ANSWER TO PLAINTIFFS'
FIRST AMENDED COMPLAINT

1  sufficient information and belief to either admit or deny the averments, and on this
2  basis, deny the averments.
3      8.   Responding to Paragraph 8 of Plaintiffs' Complaint, Defendants lack
4  sufficient information and belief to either admit or deny the averments, and on this
5  basis, deny the averments.
6      9.   Responding to Paragraph 9 of Plaintiffs' Complaint, Defendants lack
7  sufficient information and belief to either admit or deny the averments, and on this
8  basis, deny the averments.
9      10.  Responding to Paragraph 10 of Plaintiffs' Complaint, Defendants lack
10 sufficient information and belief to either admit or deny the averments, and on this
11 basis, deny the averments.
12     11.  Responding to Paragraph 11 of Plaintiffs' Complaint, Defendants admit
13 that on July 30, 2024 Officer de Shepper and Officer Martinez were employed as
14 police officers by the City. Except as expressly admitted herein, Defendants
15 respond: the averments contained within Paragraph 11 constitute factual and legal
16 conclusions to which Defendants believe no answer is required. To the extent an
17 answer is required, Defendants lack sufficient information and belief to either admit
18 or deny the averments, and on this basis, deny the averments.
19     12.  Responding to Paragraph 12 of Plaintiffs' Complaint, the averments
20 contained within Paragraph 12 constitute factual and legal conclusions to which
21 Defendants believe no answer is required. To the extent an answer is required,
22 Defendants deny the City is a chartered subdivision of the State of California.
23 Rather, the City is a general law city incorporated within the State of California.
24 Defendants lack sufficient information and belief to either admit or deny the
25 remaining averments in Paragraph 12 of Plaintiffs' Complaint, and on this basis,
26 deny these averments.
27     13.  Responding to Paragraph 13 of Plaintiffs' Complaint, the averments
28 contained within Paragraph 13 constitute factual and legal conclusions to which no

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4921-9648-7031 v1                  3                  Case No. 5:25-cv-01879-AB-AS
DEFENDANTS' ANSWER TO PLAINTIFFS'
FIRST AMENDED COMPLAINT

answer is required.

14. Responding to Paragraph 14 of Plaintiffs' Complaint, the averments contained within Paragraph 14 constitute factual and legal conclusions to which Defendants believe no answer is required. To the extent an answer is required, Defendants lack sufficient information and belief to either admit or deny the averments, and on this basis, deny these averments.

15. Responding to Paragraph 15 of Plaintiffs' Complaint, the averments contained within Paragraph 15 constitute factual and legal conclusions to which Defendants believe no answer is required. To the extent an answer is required, Defendants lack sufficient information and belief to either admit or deny the averments, and on this basis, deny these averments.

16. Responding to Paragraph 16 of Plaintiffs' Complaint, the averments contained within Paragraph 16 constitute factual and legal conclusions to which Defendants believe no answer is required. To the extent an answer is required, Defendants lack sufficient information and belief to either admit or deny the averments, and on this basis, deny these averments.

17. Responding to Paragraph 17 of Plaintiffs' Complaint, the averments contained within Paragraph 17 constitute factual and legal conclusions to which Defendants believe no answer is required. To the extent an answer is required, Defendants lack sufficient information and belief to either admit or deny the averments, and on this basis, deny these averments.

18. Responding to Paragraph 18 of Plaintiffs' Complaint, the averments contained within Paragraph 18 constitute factual and legal conclusions to which Defendants believe no answer is required. To the extent an answer is required, Defendants lack sufficient information and belief to either admit or deny the averments, and on this basis, deny these averments.

19. Responding to Paragraph 19 of Plaintiffs' Complaint, the averments contained within Paragraph 19 constitute factual and legal conclusions to which

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4921-9648-7031 v1

4

Case No. 5:25-cv-01879-AB-AS
DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendants believe no answer is required. To the extent an answer is required, Defendants lack sufficient information and belief at this time to either admit or deny the averments in Paragraph 19, and on this basis, deny the averments.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

20. Responding to Paragraph 20 of Plaintiffs' Complaint, Defendants admit that this action arises out of an incident that occurred on July 30, 2024 in the City of Rialto. Except as expressly admitted, Defendants deny the averments contained in Paragraph 20.

21. Responding to Paragraph 21 of Plaintiffs' Complaint, Defendants admit the averments contained therein.

22. Responding to Paragraph 22 of Plaintiffs' Complaint, Defendants deny the averments contained therein.

23. Responding to Paragraph 23 of Plaintiffs' Complaint, Defendants deny the averments contained therein.

24. Responding to Paragraph 24 of Plaintiffs' Complaint, Defendants deny the averments contained therein.

25. Responding to Paragraph 25 of Plaintiffs' Complaint, Defendants admit Plaintiff A.S. was a passenger within a vehicle driven by Plaintiff Omar Sandoval which was contacted by City of Rialto Police Department officers during a traffic stop. Defendants lack sufficient information and belief at this time to either admit or deny the remaining averments in Paragraph 25, and on this basis, deny these averments.

26. Responding to Paragraph 26 of Plaintiffs' Complaint, Defendants admit Plaintiff Omar Sandoval was detained and arrested, and Plaintiff Linda Rodriguez and Alan Madero-Sandoval were detained during the incident. Except as expressly admitted herein, Defendants deny the averments in Paragraph 26.

27. Responding to Paragraph 27 of Plaintiffs' Complaint, Defendants deny the averments contained therein.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4921-9648-7031 v1

5

Case No. 5:25-cv-01879-AB-AS
DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

28. Responding to Paragraph 28 of Plaintiffs' Complaint, the averments contained within Paragraph 28 constitute factual and legal conclusions to which no answer is required.

### **FIRST CLAIM FOR RELIEF**

29. Paragraph 29 of Plaintiffs' Complaint incorporates by reference Plaintiffs' averments contained within Paragraphs 1 through 28 of Plaintiffs' Complaint. Accordingly, Defendants incorporate by reference their responses to Paragraphs 1 through 28 as stated herein.

30. Responding to Paragraph 30 of Plaintiffs' complaint, Defendants admit Plaintiff Omar Sandoval was contacted on July 30, 2024 by City of Rialto Police Department officers during a traffic stop, and that Linda Rodriguez, Alan Madero-Sandoval, Oscar Madero-Sandoval, and A.S. were in the vehicle at the time. Defendants deny the remaining averments in Paragraph 30.

31. Responding to Paragraph 31 of Plaintiffs' Complaint, Defendants deny the averments contained therein.

32. Responding to Paragraph 32 of Plaintiffs' Complaint, Defendants deny the averments contained therein.

33. Responding to Paragraph 33 of Plaintiffs' Complaint, Defendants deny the averments contained therein.

34. Responding to Paragraph 34 of Plaintiffs' Complaint, Defendants deny the averments contained therein.

35. Responding to Paragraph 35 of Plaintiffs' Complaint, Defendants assert that the allegations are so vague and uncertain that Defendants cannot determine the intended meaning of the averments, or meaningfully respond to the averments.

36. Responding to Paragraph 36 of Plaintiffs' Complaint, Defendants deny the averments contained therein.

37. Responding to Paragraph 37 of Plaintiffs' Complaint, Defendants deny the averments contained therein.

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4921-9648-7031 v1

6

Case No. 5:25-cv-01879-AB-AS
DEFENDANTS' ANSWER TO PLAINTIFFS'
FIRST AMENDED COMPLAINT

38. Responding to Paragraph 38 of Plaintiffs' Complaint, Defendants deny the averments contained therein.

39. Responding to Paragraph 39 of Plaintiffs' Complaint, Defendants deny the averments contained therein.

40. Responding to Paragraph 40 of Plaintiffs' Complaint, Defendants deny the averments contained therein.

41. Responding to Paragraph 41 of Plaintiffs' Complaint, Defendants deny the averments contained therein.

42. Responding to Paragraph 42 of Plaintiffs' Complaint, Defendants deny the averments contained therein.

43. Responding to Paragraph 43 of Plaintiffs' Complaint, Defendants deny the averments contained therein.

44. Responding to Paragraph 44 of Plaintiffs' Complaint, Defendants deny the averments contained therein.

45. Responding to Paragraph 45 of Plaintiffs' Complaint, Defendants deny the averments contained therein.

46. Responding to Paragraph 46 of Plaintiffs' Complaint, Defendants deny the averments contained therein.

47. Responding to Paragraph 47 of Plaintiffs' Complaint, Defendants deny the averments contained therein.

48. Responding to Paragraph 48 of Plaintiffs' Complaint, Defendants deny the averments contained therein.

49. Responding to Paragraph 49 of Plaintiffs' Complaint, the averments contained within Paragraph 49 constitute legal conclusions to which no answer is required.

## SECOND CLAIM FOR RELIEF

50. Paragraph 50 of Plaintiffs' Complaint incorporates by reference Plaintiffs' averments contained within Paragraphs 1 through 49 of Plaintiffs'

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4921-9648-7031 v1

7

Case No. 5:25-cv-01879-AB-AS
DEFENDANTS' ANSWER TO PLAINTIFFS'
FIRST AMENDED COMPLAINT

1  Complaint. Accordingly, Defendants incorporate by reference their responses to

2  Paragraphs 1 through 49 as stated herein.

3        51.    Responding to Paragraph 51 of Plaintiffs' Complaint, Defendants deny

4  the averments contained therein.

5        52.    Responding to Paragraph 52 of Plaintiffs' Complaint, the averments

6  contained within Paragraph 52 concerning Defendants' legal duties constitute legal

7  conclusions to which no answer is required. Defendants deny the factual averments

8  contained in Paragraph 52.

9        53.    Responding to Paragraph 53 of Plaintiffs' Complaint, Defendants deny

10 the averments contained therein.

11       54.    Responding to Paragraph 54 of Plaintiffs' Complaint, Defendants deny

12 the averments contained therein.

13       55.    Responding to Paragraph 55 of Plaintiffs' Complaint, Defendants deny

14 the averments contained therein.

15       56.    Responding to Paragraph 56 of Plaintiffs' Complaint, Defendants deny

16 the averments contained therein.

17       57.    Responding to Paragraph 57 of Plaintiffs' Complaint, Defendants deny

18 the averments contained therein.

19       58.    Responding to Paragraph 58 of Plaintiffs' Complaint, Defendants deny

20 the averments contained therein.

21       59.    Responding to Paragraph 59 of Plaintiffs' Complaint, Defendants deny

22 the averments contained therein.

23       60.    Responding to Paragraph 60 of Plaintiffs' Complaint, Defendants deny

24 the averments contained therein.

25       61.    Responding to Paragraph 61 of Plaintiffs' Complaint, Defendants deny

26 the averments contained therein.

27       62.    Responding to Paragraph 62 of Plaintiffs' Complaint, Defendants deny

28 the averments contained therein.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4921-9648-7031 v1

8

Case No. 5:25-cv-01879-AB-AS
DEFENDANTS' ANSWER TO PLAINTIFFS'
FIRST AMENDED COMPLAINT

63. Responding to Paragraph 63 of Plaintiffs' Complaint, Defendants deny the averments contained therein.

64. Responding to Paragraph 64 of Plaintiffs' Complaint, Defendants deny the averments contained therein.

65. Responding to Paragraph 65 of Plaintiffs' Complaint, Defendants deny the averments contained therein.

66. Responding to Paragraph 66 of Plaintiffs' Complaint, Defendants deny the averments contained therein.

67. Responding to Paragraph 67 of Plaintiffs' Complaint, the averments contained within Paragraph 49 constitute legal conclusions to which no answer is required.

## THIRD CLAIM FOR RELIEF

68. Paragraph 68 of Plaintiffs' Complaint incorporates by reference Plaintiffs' averments contained within Paragraphs 1 through 67 of Plaintiffs' Complaint. Accordingly, Defendants incorporate by reference their responses to Paragraphs 1 through 67 as stated herein.

69. Responding to Paragraph 69 of Plaintiffs' Complaint, the averments contained within Paragraph 69 concerning Defendants' legal duties constitute legal conclusions to which no answer is required. Defendants deny the factual averments contained in Paragraph 69.

70. Responding to Paragraph 70 of Plaintiffs' Complaint, Defendants deny the averments contained therein.

71. Responding to Paragraph 71 of Plaintiffs' Complaint, Defendants deny the averments contained therein.

72. Responding to Paragraph 72 of Plaintiffs' Complaint, Defendants deny the averments contained therein.

73. Responding to Paragraph 73 of Plaintiffs' Complaint, Defendants deny the averments contained therein.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4921-9648-7031 v1

9

Case No. 5:25-cv-01879-AB-AS
DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

74. Responding to Paragraph 74 of Plaintiffs' Complaint, Defendants deny the averments contained therein.

75. Responding to Paragraph 75 of Plaintiffs' Complaint, Defendants deny the averments contained therein.

76. Responding to Paragraph 76 of Plaintiffs' Complaint, Defendants deny the averments contained therein.

77. Responding to Paragraph 77 of Plaintiffs' Complaint, Defendants deny the averments contained therein.

78. Responding to Paragraph 78 of Plaintiffs' Complaint, Defendants admit the officers of the City of Rialto Police Department were acting within the course and scope of their employment with the City of Rialto. Except as expressly admitted herein, Defendants deny the averments in Paragraph 78.

79. Responding to Paragraph 79 of Plaintiffs' Complaint, the averments contained within Paragraph 79 constitute legal conclusions to which no answer is required.

## FOURTH CLAIM FOR RELIEF

80. Paragraph 80 of Plaintiffs' Complaint incorporates by reference Plaintiffs' averments contained within Paragraphs 1 through 79 of Plaintiffs' Complaint. Accordingly, Defendants incorporate by reference their responses to Paragraphs 1 through 79 as stated herein.

81. Responding to Paragraph 81 of Plaintiffs' Complaint, Defendants deny the averments contained therein.

82. Responding to Paragraph 82 of Plaintiffs' Complaint, Defendants deny the averments contained therein.

83. Responding to Paragraph 83 of Plaintiffs' Complaint, Defendants deny the averments contained therein.

84. Responding to Paragraph 84 of Plaintiffs' Complaint, Defendants deny the averments contained therein.

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4921-9648-7031 v1

10

Case No. 5:25-cv-01879-AB-AS
DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

85. Responding to Paragraph 85 of Plaintiffs' Complaint, Defendants deny the averments contained therein.

86. Responding to Paragraph 86 of Plaintiffs' Complaint, Defendants deny the averments contained therein.

87. Responding to Paragraph 87 of Plaintiffs' Complaint, Defendants deny the averments contained therein.

88. Responding to Paragraph 88 of Plaintiffs' Complaint, Defendants deny the averments contained therein.

89. Responding to Paragraph 89 of Plaintiffs' complaint, Defendants admit officers from the City of Rialto Police Department were acting within the course and scope of their employment with the City of Rialto. Except as expressly admitted herein, Defendants deny the averments in Paragraph 89.

90. Responding to Paragraph 90 of Plaintiffs' Complaint, Defendants deny the averments contained therein.

91. Responding to Paragraph 91 of Plaintiffs' complaint, the averments contained within Paragraph 91 constitute legal conclusions to which no answer is required.

## FIFTH CLAIM FOR RELIEF

92. Paragraph 92 of Plaintiffs' Complaint incorporates by reference Plaintiffs' averments contained within Paragraphs 1 through 91 of Plaintiffs' Complaint. Accordingly, Defendants incorporate by reference their responses to Paragraphs 1 through 91 as stated herein.

93. Responding to Paragraph 93 of Plaintiffs' Complaint, Defendants deny the averments contained therein.

94. Responding to Paragraph 94 of Plaintiffs' Complaint, the averments contained within Paragraph 94 concerning Defendants' legal duties constitute legal conclusions to which no answer is required. Defendants deny the factual averments contained in Paragraph 94.

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4921-9648-7031 v1

11

Case No. 5:25-cv-01879-AB-AS
DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

95. Responding to Paragraph 95 of Plaintiffs' Complaint, Defendants deny the averments contained therein.

96. Responding to Paragraph 96 of Plaintiffs' Complaint, Defendants deny the averments contained therein.

97. Responding to Paragraph 97 of Plaintiffs' Complaint, Defendants deny the averments contained therein.

98. Responding to Paragraph 98 of Plaintiffs' Complaint, Defendants deny the averments contained therein.

99. Responding to Paragraph 99 of Plaintiffs' Complaint, Defendants deny the averments contained therein.

100. Responding to Paragraph 100 of Plaintiffs' Complaint, Defendants deny the averments contained therein.

101. Responding to Paragraph 101 of Plaintiffs' Complaint, Defendants deny the averments contained therein.

102. Responding to Paragraph 102 of Plaintiffs' Complaint, Defendants deny the averments contained therein.

103. Responding to Paragraph 103 of Plaintiffs' Complaint, Defendants deny the averments contained therein.

104. Responding to Paragraph 104 of Plaintiffs' Complaint, Defendants deny the averments contained therein.

105. Responding to Paragraph 105 of Plaintiffs' Complaint, Defendants admit officers from the City of Rialto Police Department were acting within the course and scope of their employment. Except as expressly admitted herein, the averments contained Paragraph 105 are denied.

106. Responding to Paragraph 106 of Plaintiffs' Complaint, Defendants deny the averments contained therein.

107. Responding to Paragraph 107 of Plaintiffs' Complaint, the averments contained within Paragraph 107 constitute legal conclusions to which no answer is

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4921-9648-7031 v1

12

Case No. 5:25-cv-01879-AB-AS
DEFENDANTS' ANSWER TO PLAINTIFFS'
FIRST AMENDED COMPLAINT

1 required.

## SIXTH CLAIM FOR RELIEF

108. Paragraph 108 of Plaintiffs' Complaint incorporates by reference Plaintiffs' averments contained within Paragraphs 1 through 107 of Plaintiffs' Complaint. Accordingly, Defendants incorporate by reference their responses to Paragraphs 1 through 107 as stated herein.

109. Responding to Paragraph 109 of Plaintiffs' Complaint, Defendants lack sufficient information and belief upon which to either admit or deny the averments and, on that basis, deny the averments contained therein.

110. Responding to Paragraph 110 of Plaintiffs' Complaint, Defendants lack sufficient information and belief upon which to either admit or deny the averments and, on that basis, deny the averments contained therein.

111. Responding to Paragraph 111 of Plaintiffs' Complaint, Defendants lack sufficient information and belief upon which to either admit or deny the averments and, on that basis, deny the averments contained therein.

112. Responding to Paragraph 112 of Plaintiffs' Complaint, Defendants lack sufficient information and belief upon which to either admit or deny the averments and, on that basis, deny the averments contained therein.

113. Responding to Paragraph 113 of Plaintiffs' Complaint, Defendants lack sufficient information and belief upon which to either admit or deny the averments and, on that basis, deny the averments contained therein.

114. Responding to Paragraph 114 of Plaintiffs' Complaint, Defendants deny the averments contained therein.

115. Responding to Paragraph 115 of Plaintiffs' Complaint, Defendants deny the averments contained therein.

116. Responding to Paragraph 116 of Plaintiffs' Complaint, Defendants deny the averments contained therein.

117. Responding to Paragraph 117 of Plaintiffs' Complaint, Defendants

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4921-9648-7031 v1

13

Case No. 5:25-cv-01879-AB-AS
DEFENDANTS' ANSWER TO PLAINTIFFS'
FIRST AMENDED COMPLAINT

1  deny the averments contained therein.

2  118.  Responding to Paragraph 118 of Plaintiffs' Complaint, Defendants
3  deny the averments contained therein.

4  119.  Responding to Paragraph 119 of Plaintiffs' Complaint, Defendants
5  deny the averments contained therein.

6  120.  Responding to Paragraph 120 of Plaintiffs' Complaint, Defendants
7  deny the averments contained therein.

8  121.  Responding to Paragraph 121 of Plaintiffs' Complaint, Defendants
9  admit officers from the City of Rialto Police Department were acting within the
10 course and scope of their employment with the City of Rialto. Except as expressly
11 admitted herein, Defendants deny the averments in Paragraph 121.

12 122.  Responding to Paragraph 122 of Plaintiffs' Complaint, the averments
13 contained within Paragraph 122 constitute legal conclusions to which no answer is
14 required.

### SEVENTH CLAIM FOR RELIEF

16 123.  Paragraph 123 of Plaintiffs' Complaint incorporates by reference
17 Plaintiffs' averments contained within Paragraphs 1 through 122 of Plaintiffs'
18 Complaint. Accordingly, Defendants incorporate by reference their responses to
19 Paragraphs 1 through 122 as stated herein.

20 124.  Responding to Paragraph 124 of Plaintiffs' Complaint, the averments
21 contained within Paragraph 124 constitute legal conclusions to which no answer is
22 required.

23 125.  Responding to Paragraph 125 of Plaintiffs' Complaint, the averments
24 contained within Paragraph 125 constitute legal conclusions to which no answer is
25 required.

26 126.  Responding to Paragraph 126 of Plaintiffs' Complaint, no response is
27 required to the averments contained within Paragraph 126 concerning legal
28 conclusions about the Bane Act, the California Constitution, and California common

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4921-9648-7031 v1

14

Case No. 5:25-cv-01879-AB-AS
DEFENDANTS' ANSWER TO PLAINTIFFS'
FIRST AMENDED COMPLAINT

law. Defendants deny the factual averments contained in Paragraph 126.

127. Responding to Paragraph 127 of Plaintiffs' Complaint, Defendants deny the averments contained therein.

128. Responding to Paragraph 128 of Plaintiffs' Complaint, Defendants deny the averments contained therein.

129. Responding to Paragraph 129 of Plaintiffs' Complaint, Defendants deny the averments contained therein.

130. Responding to Paragraph 130 of Plaintiffs' Complaint, Defendants deny the averments contained therein.

131. Responding to Paragraph 131 of Plaintiffs' Complaint, Defendants deny the averments contained therein.

132. Responding to Paragraph 132 of Plaintiffs' Complaint, Defendants deny the averments contained therein.

133. Responding to Paragraph 133 of Plaintiffs' Complaint, Defendants admit officers from the City of Rialto Police Department were acting within the course and scope of their employment with the City of Rialto. Except as expressly admitted herein, Defendants deny the averments in Paragraph 133.

134. Responding to Paragraph 134 of Plaintiffs' Complaint, Defendants deny the averments contained therein.

135. Responding to Paragraph 135 of Plaintiffs' Complaint, Defendants deny the averments contained therein.

136. Responding to Paragraph 136 of Plaintiffs' Complaint, the averments contained within Paragraph 136 constitute legal conclusions to which no answer is required.

## **AFFIRMATIVE DEFENSES**

As separate and affirmative defenses, Defendants allege as follows.

## **FIRST AFFIRMATIVE DEFENSE**

1. The Complaint fails to state a claim upon which relief can be granted.

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4921-9648-7031 v1

15

Case No. 5:25-cv-01879-AB-AS
DEFENDANTS' ANSWER TO PLAINTIFFS'
FIRST AMENDED COMPLAINT

The Complaint also fails to state a claim for relief against the Defendants.

## SECOND AFFIRMATIVE DEFENSE

2. Defendants deny that Plaintiffs have been deprived of any rights, privileges, or immunities guaranteed by the laws of the United States or by the laws of the State of California.

## THIRD AFFIRMATIVE DEFENSE

3. The individual Defendants (Officer de Shepper and Officer Martinez) are entitled to qualified immunity from liability because no reasonable police officer in these defendants' position would have believed their conduct to be a violation of Plaintiffs' Constitutional rights, and the pertinent law was not clearly established at the time the Defendants acted.

## FOURTH AFFIRMATIVE DEFENSE

4. Plaintiffs have suffered no actual injury due to the Defendants' conduct.

## FIFTH AFFIRMATIVE DEFENSE

5. Should Plaintiffs recover damages against the Defendants, the Defendants are entitled to have the amount abated, apportioned or reduced to the extent that any other party's negligence caused or contributed to damages (including Plaintiffs).

## SIXTH AFFIRMATIVE DEFENSE

6. Plaintiffs' own conduct estops Plaintiffs from claiming the damages alleged in the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

7. To the extent that the injuries and damages alleged by Plaintiffs, if any, were proximately caused by the negligence, conduct, and liability of other persons or entities, the Defendants request that an allocation of such negligence, conduct, and liability be made among such other persons or entities, and that, if any liability is found on the part of the Defendants, judgment against the Defendants be only in

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4921-9648-7031 v1

16

Case No. 5:25-cv-01879-AB-AS
DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

an amount which is proportionate to the extent and percentage by which the Defendants' acts or omissions contributed to Plaintiffs' injuries or damages, if at all.

### EIGHTH AFFIRMATIVE DEFENSE

8. Plaintiffs' claims are barred by the applicable statutes of limitation.

### NINTH AFFIRMATIVE DEFENSE

9. The Defendants are immune to suit for damages in their official capacities pursuant to the Eleventh Amendment of the U.S. Constitution.

### TENTH AFFIRMATIVE DEFENSE

10. Plaintiffs lack standing to sue for the claims alleged in the Complaint.

### ELEVENTH AFFIRMATIVE DEFENSE

11. Plaintiff's claims alleged in the Complaint are barred by the doctrine of judicial estoppel.

### TWELFTH AFFIRMATIVE DEFENSE

12. Any injury or damages suffered by Plaintiffs was caused solely by reason of Plaintiffs' wrongful acts and conduct, and not by reason of any unlawful acts or omissions of the Defendants.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. Plaintiffs' claims are barred by the doctrine of unclean hands.

### FOURTEENTH AFFIRMATIVE DEFENSE

14. Plaintiffs' claims are barred by the doctrine of laches.

### FIFTEENTH AFFIRMATIVE DEFENSE

15. Plaintiffs have failed to join necessary and/or indispensable parties.

### SIXTEENTH AFFIRMATIVE DEFENSE

16. Any recovery on the Plaintiffs' Complaint, or any purported claim or cause of action alleged therein, is barred in whole or in part by the Plaintiffs' failure to mitigate their respective alleged damages.

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4921-9648-7031 v1

17

Case No. 5:25-cv-01879-AB-AS
DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17. Probable cause existed to seize Plaintiffs' person and property.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

18. Plaintiffs' damages, if any, should be in direct proportion to the fault of Defendants, if any, as provided by California Civil Code sections 1431 to 1431.5.

**NINETEENTH AFFIRMATIVE DEFENSE**

19. Defendants are immune from liability for their actions by the application of one or more of the immunities set forth in the California Government Code, including the immunities set forth in §§ 815.2, 818.2, 818.8, 820, 820.2, 820.4, 820.6, 820.8, 821.6, 821.8, 822.2, 844, 845.6, and 845.8.

**TWENTIETH AFFIRMATIVE DEFENSE**

20. Defendants are immune from Plaintiffs' claims under California law, pursuant to California Government Code § 844.6(a)(1-2) and 830.9

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

21. To the extent the Complaint seeks compensation for any state tort claims, those claims are barred in that the Plaintiffs have failed to properly comply with the provisions of the California Tort Claims Act in the filing of an appropriate claim with a public entity prior to the initiation of the lawsuit, pursuant to the provisions of Government Code sections 900, 901, 910 and 911.2.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

22. Any recovery on the Plaintiffs' Complaint, or any purported claim or cause of action alleged therein, is barred in whole or in part by the Plaintiffs' own conduct which violated numerous provisions of the California Penal Code and, as such, was negligent per se.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

23. The negligence of a third-party or parties was a superseding, intervening cause of Plaintiffs' injuries.

/ / /

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4921-9648-7031 v1

18

Case No. 5:25-cv-01879-AB-AS
DEFENDANTS' ANSWER TO PLAINTIFFS'
FIRST AMENDED COMPLAINT

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

24. At the time and place of the alleged incident and for some time before then, the risks and dangers of the incident (assuming said risks and dangers existed) were fully known to and appreciated by Plaintiffs, and Plaintiffs thereby voluntarily assumed any and all risks and dangers, including the risk and danger of the alleged incident complained of in Plaintiffs' Complaint.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

25. The force used against Plaintiffs, if any, was caused and necessitated by the actions of Plaintiffs, and was reasonable and necessary for self-defense.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

26. The force used against Plaintiffs, if any, was caused and necessitated by the actions of Plaintiffs, and was reasonable and necessary for the defense of others.

**DEMAND FOR JURY TRIAL**

Defendants hereby demand and request a trial by jury in this matter.

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiffs take nothing by this action;
2. That the action be dismissed;
3. That Defendants be awarded costs of suit; and

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4921-9648-7031 v1

19

Case No. 5:25-cv-01879-AB-AS
DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

4. That Defendants be awarded other and further relief as the Court may deem just and proper, including an award of attorney's fees pursuant to 42 U.S.C. section 1988.

Dated: November 4, 2025       BURKE, WILLIAMS & SORENSEN, LLP


By: _____*/s/ Brian S. Giner*_____
Brian S. Ginter
Attorneys for CITY OF RIALTO, OFFICER MARTIN DE SHEPPER, and OFFICER MICHAEL MARTINEZ

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4921-9648-7031 v1

20

Case No. 5:25-cv-01879-AB-AS
DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT