GREGORY L. KIRAKOSIAN (SBN 294580)
[greg@kirakosianlaw.com]
**KIRAKOSIAN LAW, APC**
11684 VENTURA BLVD., SUITE 975
STUDIO CITY, CALIFORNIA 91604
TELEPHONE: (213) 986-5389
FACSIMILE: (213) 477-2355

**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
Email: dalekgalipo@yahoo.com
Hang D. Le (SBN 293450)
Email: hlee@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4118

Attorneys for Plaintiffs
OMAR SANDOVAL, LINDA RODIRGUEZ, A.S., a minor, ALAN MADERO-SANDOVAL and OSCAR MADERO-SANDOVAL

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

OMAR SANDOVAL, LINDA RODRIGUEZ, A.S., a minor by and through JESS RODRIGUEZ, ALAN MADERO-SANDOVAL, AND OSCAR MADERO-SANDOVAL

Plaintiffs,

vs.

CITY OF RIALTO, OFFICER MARTIN DE SHEPPER, OFFICER MICHAEL MARTINEZ, COUNTY OF SAN BERNARDINO, AND DOE OFFICERS 1-10,

Defendants.

Case No. 5:25-cv-01879-AB-AS

*Honorable Andre Birotte, Jr.*

***EX PARTE* APPLICATION FOR APPROVAL OF COMPROMISE OF MINOR PLAINTIFF A.S.'S CLAIMS**

[Declaration of Hang D. Le and Exhibits thereto; Proposed Order *filed concurrently*]

**<u>TO THIS HONORABLE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD</u>:**

PLEASE TAKE NOTICE that Plaintiff A.S., by and through his guardian *ad litem* Jess Rodriguez, hereby move by way of this *Ex Parte* Application for an order approving the settlement of in this action, including the settlement of Plaintiff A.S.'s claims as well as the distribution of his settlement funds.

Plaintiff A.S. makes this application pursuant to Central District Local Rule 7-19. The grounds for this application are set forth in the Memorandum of Points and Authorities, which follows below, and the Declaration of Hang D. Le, which is submitted concurrently herewith. Prior to filing this *ex parte* application, Plaintiffs' counsel contacted Defendants' counsel in compliance with Local Rule 19 through 7-19.1. Declaration of Hang D. Le in Support of Amended *Ex Parte* Application for Approval of the Compromise of the Minor Plaintiff A.S.'s Claims ("Le Decl.") ¶ 3. Defendants' counsel is:

Brian S. Ginter (SBN 265786)
E-mail: bginter@bwslaw.com
Lynn L. Carpenter (SBN 310011)
E-mail: lcarpenter@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, 40th Floor
Los Angeles, California 90071-2942
Tel: 213.236.0600 Fax: 213.236.2700

Le Decl. ¶ 2.

Defendants and their counsel are in agreement with Plaintiff A.S.'s instant *ex parte* application and do not intend on opposing said *ex parte* application. *Id.* ¶ 3.

Plaintiff A.S. seeks the approval of the compromise of his claims and distribution of his settlement funds on an *ex parte* basis because Plaintiff A.S.'s guardian *ad litem*, after consulting with an annuity broker, has chosen an annuity for which the interest rate may expire if this petition is heard as a regularly-noticed motion. *Id.* Filing this petition as a regularly-noticed motion may cause a decrease in

payment benefits to Plaintiff A.S. Accordingly, Plaintiff A.S. respectfully requests that this Court consider his application for approval of the compromise of his claims on an *ex parte* basis.

Respectfully Submitted,

DATED: **LAW OFFICES OF DALE K. GALIPO**

By *_/s/ Hang D. Le_*
Dale K. Galipo
Hang D. Le
Attorneys for Plaintiffs

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Jess Rodriguez, guardian *ad litem* for minor Plaintiff A.S., hereby submit this *ex parte* application and proposed order for approval of the compromise of the claims of Plaintiff A.S. in this matter, and requests that this Honorable Court approve of the proposed distribution of Plaintiff A.S.'s settlement funds.

The instant claims of Plaintiff A.S. arose out of the officer-involved detention and use of force against Plaintiff A.S.'s father Omar Sandoval, mother Linda Rodriguez, and uncles Alan Madero-Sandoval and Oscar Madero-Sandoval after a traffic stop. Police officers used physical force and deployed a taser at Omar Sandoval in an attempt to place Omar Sandoval in handcuffs and used physical force against Linda Rodriguez as well. Plaintiff A.S. was a passenger inside the vehicle that was subject to the traffic stop and witnessed the detention and use of force against his parents. In addition to Plaintiff A.S., Omar Sandoval, Linda Rodriguez, Alan Madero-Sandoval, and Oscar Madero-Sandoval are also plaintiffs in this action.

Plaintiffs and Defendants agreed to settle this case pursuant to the mediation in front of panel mediator, Richard Copeland. The settlement agreement between Defendants and Plaintiffs obligates Defendants to pay Plaintiffs $950,000. Le Decl. ¶ 6.

Plaintiffs have agreed to split the settlement sum from Defendants as follows:

$ 132,500 to Plaintiff A.S. and his attorneys

$ 380,913.18 to Plaintiff Omar Sandoval and his attorneys

$ 386,996.55 to Plaintiff Linda Rodriguez and her attorneys,

$ 23,961.80 to Plaintiff Alan Madero-Sandoval and his attorneys

$ 25,628.47 to Plaintiff Oscar Madero-Sandoval and his attorneys.

Le Decl. ¶ 5.

## II. DISCUSSION

District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors. In the context of proposed settlements in suits involving minors, this special duty requires a district "court [to] conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978); *see also Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) (holding that "a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem.").

> Although the district court has a special duty to safeguard the interests of minor plaintiffs, that duty requires only that the district court determine whether the net amount distributed to each minor plaintiff in the proposed settlement is fair and reasonable, without regard to the proportion of the total settlement value designated for adult co-Plaintiffs and contracted by them with Plaintiffs' counsel. If the net recovery of each minor plaintiff under the proposed settlement is fair and reasonable, the district court should approve the settlement as proposed.

*Robidoux v. Rosengren*, 638 F.3d 1177, 1179 (9th Cir. 2011).

California Code of Civil Procedure Section 372 and California Rules of Court, rule 3.1384 refer to the requirement of court approval and incorporate other rules requiring disclosure of various pertinent facts. California Rule of Court, rule 3.1384 provides that "[a] petition for court approval of a compromise or covenant not to sue under Code of Civil Procedure Section 372 must comply with rules 7.950, 7.951, and 7.952." Pursuant to the above California rules, Plaintiff A.S. and his attorneys make the following disclosures:

//

**Disclosures pursuant to California Rule of Court 7.950:**

1. The Petitioner is Jess Rodriguez, guardian ad litem for minor Plaintiff A.S. Petitioner Jess Rodriguez is the maternal grandfather of Plaintiff A.S.

2. Plaintiffs A.S., Omar Sandoval, Linda Rodriguez, Alan Madero-Sandoval, and Oscar Madero-Sandoval are represented by the Law Offices of Dale K. Galipo and Kirakosian Law, APC.

3. Plaintiff A.S. is a minor child and the biological son of Plaintiffs Omar Sandoval and Linda Rodriguez and the maternal grandson of Petitioner, Jess Rodriguez. Plaintiff A.S. is male. He was born in 2013.

4. The nature of Plaintiff A.S.'s claims in this lawsuit are set forth in the operative complaint filed in this action. Pursuant to the settlement agreements, Plaintiff A.S.'s claims will be compromised without a trial on the merits of the claims. Le Decl. ¶ 6.

5. Plaintiff A.S.'s damages in this case arise from the severe emotional distress he suffered as a result of contemporaneously witnessing the detention and use of force against his parents, Omar Sandoval and Linda Rodriguez. Le Decl. ¶ 7.

6. Plaintiff A.S. incurred $4,500 in medical bills for treatment relating to the injuries he suffered as a result of the incident. Le Decl. ¶ 8.

7. The total amount of the settlement that Defendants agree to pay is $950,000. As set forth above, Plaintiffs propose the following gross division: $132,500.00 to Plaintiff A.S. and his attorneys; $380,913.18 to Plaintiff Omar Sandoval and his attorneys; $386,996.55 to Plaintiff Linda Rodriguez and her attorneys; $23,961.80 to Plaintiff Alan Madero-Sandoval and his attorneys; and $25,628.47 to Oscar Madero-Sandoval and his attorneys. Le Decl. ¶ 9.

8. Plaintiffs' attorneys—Kirakosian Law, APC and the Law Offices of Dale K. Galipo—are requesting attorneys' fees in the amount of forty (40) percent of the $53,000 in gross settlement proceeds allocated to Plaintiff A.S. The

contingency retainer agreement between Plaintiff A.S.'s guardian ad litem Plaintiffs' attorneys provides for a forty (40) percent contingency fee. Le Decl. ¶ 10.

This is the amount that the Law Offices of Dale K. Galipo and Kirakosian Law, APC would be due under the existing contingency fee retainer agreement. This case involved a substantial amount of risk. If Plaintiffs had prevailed at trial, statutory attorneys' fees due to Plaintiffs' attorneys under the retainer agreements could have exceeded $1 million. If the Law Offices of Dale K. Galipo and Kirakosian Law, APC are not awarded a fully compensatory fee in such cases, they would not be able to take them. In turn, minor litigants such as Plaintiff A.S. would not be able to attract competent counsel who could achieve similar results. Accordingly, Plaintiffs' attorneys request reimbursement the full amount of their attorneys' fees. Le Decl. ¶ 11.

9. The share of the gross settlement proceeds apportioned for Plaintiff A.S. and his attorneys is $132,500. After deducting requested attorneys' fees of $53,000 and $4,500 for payment of medical bills, the total net settlement proceeds to Plaintiff A.S. is $75,000. Le Decl. ¶ 12.

10. It is requested that $75,000 be used to fund a structured settlement annuity for Plaintiff A.S. Attached as "**Exhibit A**" to the Declaration of Hang D. Le is the proposed structured annuity for Plaintiff A.S., which is incorporated herein by reference. The total amount Plaintiff A.S. will receive after final payment is made directly to him is $161,175. Le Decl. ¶ 13.

11. The moving guardian *ad litem*, Jess Rodriguez, has no claims against Defendants in connection with the subject incident.

12. The moving guardian *ad litem* also does not have any claims against the Plaintiffs in connection with the subject incident.

13. California Welfare and Institutions Code Section 14124.73 does not apply.

14. This motion does not seek an order for payment of money to a special needs trust. Le Decl. ¶ 14.

**Disclosures pursuant to California Rule of Court 7.951:**

1. This application was prepared by attorney Hang D. Le (California State Bar Number 293450), of the Law Offices of Dale K. Galipo, located at 21800 Burbank Boulevard, Suite 310, Woodland Hills, California, which represents all Plaintiffs. Le Decl. ¶ 25.

2. The Law Offices of Dale K. Galipo and Kirakosian Law, APC did not become concerned with this matter at the instance of any party against whom the claim of said minor are asserted. Le Decl. ¶ 16.

3. The Law Offices of Dale K. Galipo and Kirakosian Law, APC represent Plaintiffs Omar Sandoval, Linda Rodriguez, A.S., Alan Madero-Sandoval and Oscar Madero-Sandoval in this matter but are not employed by any other party or any insurance carrier involved in the matter. Le Decl. ¶ 17.

4. The Law Offices of Dale K. Galipo have not to date received any compensation for their services in connection herewith from any person. Le Decl. ¶ 18.

5. In addition to receiving compensation from Plaintiff A.S.'s share of the settlement, Plaintiffs' attorneys expect to receive compensation for their services in connection herewith from the gross settlement proceeds allocated to the remaining adult plaintiffs as follows: Plaintiffs' attorneys will receive $152,365.27 in attorneys' fees and $1,377.06 in reimbursement of advanced litigation costs from Omar Sandoval's portion of the settlement; Plaintiffs' attorneys will receive $154,798.62 in attorneys' fees and $1,377.08 in reimbursement of advanced litigation costs from Linda Rodriguez's portion of the settlement; Plaintiffs' attorneys will receive $9,584.72 in attorneys' fees and $1,377.08 in reimbursement of advanced litigation costs from Oscar Madero-Sandoval's portion of the

settlement; and Plaintiffs' attorneys will receive $10,251.39 in attorneys' fees and $1,377.08 in reimbursement of advanced litigation costs from Alan Madero-Sandoval's portion of the settlement. Le Decl. ¶ 19.

6. The Law Offices of Dale K. Galipo and Kirakosian Law, APC accepted this engagement for a contingency fee, plus reimbursement for any costs advanced. The retainer agreement provides for a 40 percent attorney fee recovery if any recovery is made after commencement of a lawsuit. Le Decl. ¶ 20.

**Petitioner's endorsement**:

Petitioner Jess Rodriguez has made a careful and diligent inquiry and investigation to ascertain the facts relating to the incident giving rise to the minor's claims, the parties responsible for the incident, and the nature, extent and seriousness of the minor's claims. Petitioner further understands that if the compromise proposed in this *ex parte* application is approved by the Court and is consummated, the minor child will be forever barred from seeking any further recovery of compensation even though the minor's injuries and losses might in the future appear to be more serious than they are now thought to be. Petitioner recommends the compromise settlement and the proposed distribution to the minor to the Court as being fair, reasonable, and in the best interest of the minor, and requests that the Court approve this compromise settlement and make such other and further orders as may be just and reasonable. Petitioner requests that the Court approve the proposal attached to the Declaration of Hang D. Le as "**Exhibit A**." Specifically, Petitioner requests that the Court enter the Proposed Order filed concurrently herewith.

## III. CONCLUSION

For the foregoing reasons, Plaintiff A.S., by and through his guardian *ad litem* Jess Rodriguez. respectfully requests that the Court enter the proposed order submitted.

Respectfully Submitted,

DATED: November 5, 2026

**LAW OFFICES OF DALE K. GALIPO**

By *_/s/ Hang D. Le_*

Dale K. Galipo
Hang D. Le
Attorneys for Plaintiffs

**VERIFICATION BY MINOR PLAINTIFF A.S.'S GUARDIAN AD LITEM**

I, Jess Rodriguez, guardian ad litem of minor plaintiff A.S., hereby declare under penalty of perjury pursuant to the laws of the United States of America that I have reviewed the Ex Parte Application for Approval of Compromise of Minor Plaintiff A.S.'s Claims and the foregoing is true and correct.

Executed on 10/23/2026, at San Bernardino, California.

_______________________________

Jess Rodriguez


The signed document can be validated at https://app.vinesign.com/Verify