GREGORY L. KIRAKOSIAN (SBN 294580)
[greg@kirakosianlaw.com]
**KIRAKOSIAN LAW, APC**
11684 VENTURA BLVD., SUITE 975
STUDIO CITY, CALIFORNIA 91604
TELEPHONE: (213) 986-5389
FACSIMILE: (213) 477-2355

**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
Email: dalekgalipo@yahoo.com
Hang D. Le (SBN 293450)
Email: hlee@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4118

Attorneys for Plaintiffs
OMAR SANDOVAL, LINDA RODIRGUEZ,
A.S., a minor, ALAN MADERO-SANDOVAL
and OSCAR MADERO-SANDOVAL

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| OMAR SANDOVAL, LINDA RODRIGUEZ, A.S., a minor by and through JESS RODRIGUEZ, ALAN MADERO-SANDOVAL, AND OSCAR MADERO-SANDOVAL<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF RIALTO, OFFICER MARTIN DE SHEPPER, OFFICER MICHAEL MARTINEZ, COUNTY OF SAN BERNARDINO, AND DOE OFFICERS 1-10,<br><br>Defendants. | Case No. 5:25-cv-01879-AB-AS<br><br>*Honorable Andre Birotte, Jr.*<br><br>**DECLARATION OF HANG D. LE IN SUPPORT OF *EX PARTE* APPLICATION FOR APPROVAL OF COMPROMISE OF MINOR PLAINTIFF A.S.'S CLAIMS** |

# DECLARATION OF HANG D. LE

I, Hang D. Le, hereby declare as follows:

1. I am an attorney duly licensed to practice law in the United States District Court for the Central District of California. I am one of the attorneys of record for the Plaintiffs in this action. I have personal knowledge of the matters stated herein and would and could testify competently thereto if called. I make this declaration in support of the *ex parte* application for approval of the compromise of minor Plaintiff A.S.

2. Defendants City of Rialto, Officer Martin De Shepper, and Officer Michael Martinez are represented by:

Brian S. Ginter (SBN 265786)
E-mail: bginter@bwslaw.com
Lynn L. Carpenter (SBN 310011)
E-mail: lcarpenter@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, 40th Floor
Los Angeles, California 90071-2942
Tel: 213.236.0600 Fax: 213.236.2700

3. On [DATE], I e-mailed a copy of this instant *ex parte* application for approval of the compromise of minor Plaintiff A.S.'s claims, along with the accompanying proposed order and declarations and exhibits, to defense counsel at bginter@bwslaw.com and lcarpenter@bwslaw.com and informed counsel that I intended to file this *ex parte* application on October 6, 2026. Counsel for Defendants have indicated that they do not intend on opposing said *ex parte* application.

4. Plaintiff A.S. seeks approve of the compromise of his claims on an *ex parte* basis because his guardian *ad litem*, Jess Rodriguez, after consulting with an annuity broker, has chosen an annuity for which the interest rate may expire if this petition is heard as a regularly-noticed motion. Filing this application for approval of Plaintiff A.S.'s claims as a regularly-noticed motion may cause a decrease in payment benefits to Plaintiff A.S.

5. The settlement agreement between Defendants and Plaintiffs obligates Defendants to pay Plaintiffs $950,000. Plaintiffs have agreed to split the settlement sum as follows: $132,500.00 to Plaintiff A.S. and his attorneys; $ 380,913.18 to Plaintiff Omar Sandoval and his attorneys; $386,996.55 to Plaintiff Linda Rodriguez and her attorneys; $ 23,961.80 to Plaintiff Alan Madero-Sandoval and his attorneys; and $ 25,628.47 to Oscar Madero-Sandoval and his attorneys.

6. The nature of Plaintiff A.S.'s claims in this lawsuit are set forth in the operative complaint filed in this action. Pursuant to the settlement agreements, Plaintiff A.S.'s claims will be compromised without a trial on the merits of the claims.

7. Plaintiff A.S.'s damages in this case arise from the severe emotional distress he suffered as a result of contemporaneously witnessing the detention and use of force against his parents, Omar Sandoval and Linda Rodriguez.

8. Plaintiff A.S. incurred $4,500 in medical bills for treatment relating to the injuries he suffered as a result of the incident

9. The total amount of the settlement that Defendants agree to pay is $950,000. As set forth above, Plaintiffs propose the following gross division: $132,500.00 to Plaintiff A.S. and his attorneys; $ 380,913.18 to Plaintiff Omar Sandoval and his attorneys; $386,996.55 to Plaintiff Linda Rodriguez and her attorneys; $ 23,961.80 to Plaintiff Alan Madero-Sandoval and his attorneys; and $ 25,628.47 to Oscar Madero-Sandoval and his attorneys.

10. Plaintiffs' attorneys—Kirakosian Law, APC and the Law Offices of Dale K. Galipo—are requesting attorneys' fees in the amount of forty (40) percent of the $53,000 in gross settlement proceeds allocated to Plaintiff A.S. The contingency retainer agreement between Plaintiff A.S.'s guardian ad litem Plaintiffs' attorneys provides for a forty (40) percent contingency fee.

11. This is the amount that the Law Offices of Dale K. Galipo and Kirakosian Law, APC would be due under the existing contingency fee retainer

agreement. This case involved a substantial amount of risk. If Plaintiffs had prevailed at trial, statutory attorneys' fees due to Plaintiffs' attorneys under the retainer agreements could have exceeded $1 million. If the Law Offices of Dale K. Galipo and Kirakosian Law, APC are not awarded a fully compensatory fee in such cases, they would not be able to take them. In turn, minor litigants such as Plaintiff A.S. would not be able to attract competent counsel who could achieve similar results. Accordingly, Plaintiffs' attorneys request reimbursement the full amount of their attorneys' fees.

12. The share of the gross settlement proceeds apportioned for Plaintiff A.S. and his attorneys is $132,500. After deducting requested attorneys' fees of $53,000 and $4,500 for payment of medical bills, the total net settlement proceeds to Plaintiff A.S. is $75,000.

13. It is requested that $75,000 be used to fund a structured settlement annuity for Plaintiff A.S. Attached as "**Exhibit A**" to the Declaration of Hang D. Le is the proposed structured annuity for Plaintiff A.S., which is incorporated herein by reference. The total amount Plaintiff A.S. will receive after final payment is made directly to him is $161,175.

14. This motion does not seek an order for payment of money to a special needs trust.

15. This application was prepared by attorney Hang D. Le (California State Bar Number 293450), of the Law Offices of Dale K. Galipo, located at 21800 Burbank Boulevard, Suite 310, Woodland Hills, California, which represents which represents all Plaintiffs in this action.

16. The Law Offices of Dale K. Galipo and Kirakosian Law, APC did not become concerned with this matter at the instance of any party against whom the claim of said minor are asserted.

17. The Law Offices of Dale K. Galipo and Kirakosian Law, APC represent Plaintiffs Omar Sandoval, Linda Rodriguez, A.S., Alan Madero-Sandoval

and Oscar Madero-Sandoval in this matter but are not employed by any other party or any insurance carrier involved in the matter.

18. The Law Offices of Dale K. Galipo have not to date received any compensation for their services in connection herewith from any person.

19. In addition to receiving compensation from Plaintiff A.S.'s share of the settlement, Plaintiffs' attorneys expect to receive compensation for their services in connection herewith from the gross settlement proceeds allocated to the remaining adult plaintiffs as follows: Plaintiffs' attorneys will receive $152,365.27 in attorneys' fees and $1,377.06 in reimbursement of advanced litigation costs from Omar Sandoval's portion of the settlement; Plaintiffs' attorneys will receive $154,798.62 in attorneys' fees and $1,377.08 in reimbursement of advanced litigation costs from Linda Rodriguez's portion of the settlement; Plaintiffs' attorneys will receive $9,584.72 in attorneys' fees and $1,377.08 in reimbursement of advanced litigation costs from Oscar Madero-Sandoval's portion of the settlement; and Plaintiffs' attorneys will receive $10,251.39 in attorneys' fees and $1,377.08 in reimbursement of advanced litigation costs from Alan Madero-Sandoval's portion of the settlement.

20. The Law Offices of Dale K. Galipo and Kirakosian Law, APC accepted this engagement for a contingency fee, plus reimbursement for any costs advanced. The retainer agreement provides for a 40 percent attorney fee recovery if any recovery is made after commencement of a lawsuit.

21. Attached hereto as "**Exhibit B**" is a group of documents from Pacific Life, including the ratings and sample guarantee.

//

//

//

//

I declare under penalty of perjury that the foregoing is true and correct, and that this was executed this 5th day of November 2026 at Woodland Hills, California.

Hang D. Le