**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| OMAR SANDOVAL, LINDA RODRIGUEZ, A.S., a minor by and through JESS RODRIGUEZ, ALAN MADERO-SANDOVAL, AND OSCAR MADERO-SANDOVAL<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF RIALTO, OFFICER MARTIN DE SHEPPER, OFFICER MICHAEL MARTINEZ, COUNTY OF SAN BERNARDINO, AND DOE OFFICERS 1-10,<br><br>Defendants. | Case No. 5:25-cv-01879-AB-AS<br><br>*Honorable Andre Birotte, Jr.*<br><br>**[~~PROPOSED~~] ORDER APPROVING *EX PARTE* APPLICATION FOR APPROVAL OF COMPROMISE OF MINOR PLAINTIFF A.S.'S CLAIMS** |

**[~~PROPOSED~~] ORDER**

This Court, having considered Plaintiff's *Ex Parte* Application for Approval of Compromise of Minor Plaintiff A.S.'s Claims, and GOOD CAUSE appearing therefore, hereby GRANTS the Application and makes the following orders:

1. The settlement of minor Plaintiff A.S.'s action against the Defendants in the gross amount of $132,500 is hereby approved.

2. Within 30 days of this Order, Defendant City of Rialto, through counsel, shall prepare and deliver the drafts for the gross settlement proceeds in the amount of $950,000 payable as follows:

a. A draft for $875,000 shall be made payable to the "Kirakosian Law, APC Client Trust Account," and sent to Kirakosian Law, APC. These funds shall be used to satisfy (1) the attorneys' fees owed to the Law Offices of Dale K. Galipo in the amount of $53,000 by A.S. from the gross settlement; (2) $4,500 for payment of Plaintiff A.S.'s medical bills incurred for treatment relating to the injuries he suffered as a result of the incident; (3) the total gross amount to Plaintiff Omar Sandoval in the amount of $380,913.18; (4) the total gross amount to Plaintiff Linda Rodriguez in the amount of $386,996.50; (5) the total gross amount to Plaintiff Alan Madero-Sandoval in the amount of $23,961.80; and the total gross amount to Plaintiff Oscar Madero-Sandoval in the amount of $25,628.47.

b. Defendant City of Rialto shall fund the purchase of a structured annuity for the Plaintiff A.S. in the total amount of $75,000 from Pacific Life & Annuity Services, Inc. (hereinafter referred to as "Assignee") by issuing a check made payable Pacific Life & Annuity Services, Inc. in the amount of $75,000, and Pacific Life & Annuity Services, Inc. will provide periodic payments to be made by Pacific Life Insurance Company (hereinafter referred to as "Annuity Carrier") rated A+ Class XV by A.M. Best Company as set forth in "Exhibit A" to the Declaration of Hang D. Le and in the table below. The total amount that Plaintiff A.S. will receive after the final payment is made directly to her from the annuity is $161,175.

c. Defendant City of Rialto will arrange to have the checks funding the annuity premium, made payable to Pacific Life & Annuity Services, Inc., delivered directly to the annuity broker, Baldwin Settlements.

3. Annuity Carrier shall provide periodic payments in accordance with "Exhibit A" to the Declaration of Hang D. Le and as set forth in the table below.

4. Disbursement drafts will be made payable and will begin being issued directly to Plaintiff A.S. upon reaching the age of maturity according to the payment schedule.

**Payable to A.S.**

| | |
|---|---|
| $17,500 | Paid as lump sum on 11/08/2039 |
| $143,675.00 | Paid as lump sum on 11/08/2043 |

5. Defendant City of Rialto will make a "qualified assignment" within the meaning of Section 130(c), of the Internal Revenue code of 1986, as amended, to Assignee, of the Defendant City of Rialto's liability to make the periodic payments as described in the above tables and in "Exhibit A" to the Declaration of Hang D. Le filed concurrently herewith. Such assignment, if made, shall be accepted by Plaintiff A.S. without right of rejection and shall completely release and discharge Defendant City of Rialto from such obligations hereunder as are assigned to Assignee. This includes that Defendant City of Rialto shall execute a Qualified Assignment document.

6. Defendant City of Rialto and/or Assignee shall have the right to fund its liability to make periodic payments by purchasing a "qualified funding asset," within the meaning of Section 130(d) of the Code, in the form of an annuity policy from the Annuity Carrier.

7. Assignee shall be the owner of the annuity policy or policies, and shall have all rights of ownership.

8. The Assignee will have the Annuity Carrier mail payments directly to the Plaintiff A.S. as set forth above. Jess Rodriguez (until Plaintiff A.S. reaches the age of majority) and then Plaintiff A.S. shall be responsible for maintaining the currency of the proper mailing address and mortality information to Assignee.

**IT IS SO ORDERED.**

Dated: November 10, 2026

HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT JUDGE